Gary Steven CARTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 68485.

Court of Criminal Appeals of Texas,
Panel No. 1.

Nov. 24, 1982.

Bruce V. Griffiths, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alvin M. Titus and Palmer Kelly, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ROBERTS, CLINTON and McCORMICK, JJ.

OPINION

McCORMICK, Judge.

Appellant was convicted of aggravated assault on a police officer and placed on probation. Probation was revoked for failure to report and for failure to pay restitution. Punishment was assessed at two years' confinement.

In a single ground of error, appellant complains of the refusal of the trial court to allow him during the revocation hearing to attack collaterally his initial conviction on the basis of ineffective assistance of counsel.

In *Standley v. State,* 517 S.W.2d 538, 541 (Tex.Cr.App.1975), a probationer at the revocation hearing contended the indictment was defective. This Court agreed that in the interest of judicial economy such an attack need not be brought in a separate writ of habeas corpus hearing. Further, the defect was not waived even though the probationer did not prosecute an appeal from his conviction. In this case, appellant sought to attack collaterally his initial conviction for lack of effective assistance of counsel. *Ramirez v. State,* 486 S.W.2d 373 (Tex.Cr.App.1972), which deals with a similar question, appears persuasive.

In *Ramirez,* we held:

"Ordinarily, collateral attacks are not permitted on the original conviction upon which probation has been revoked, but in the present case it has been shown under the decisions of the United States Supreme Court *the appellant was denied the right to counsel.* To require a separate habeas corpus proceeding to attack such a conviction would be to require a useless thing. See *Smith v. State,* 486 S.W.2d 374 (Tex.Cr.App.1972)." (Emphasis added)

*Standley v. State,* 517 S.W.2d 538 (Tex.Cr.App.1975).

Here, appellant was expressly denied the opportunity to elicit evidence to support his contentions of ineffective assistance of counsel. This was error. The trial court should have taken the time to hear appellant's evidence, rule on his contentions and then determine whether to revoke appellant's probation.

Therefore, this appeal shall be abated and the trial court shall hold a hearing to deter-

mine the merits, if any, in appellant's contentions. If the trial court determines that the contentions are meritorious, then it may grant a new trial. If a new trial is not granted, the trial court shall prepare a supplemental record and forward it to this Court for further consideration.

It is so ordered.