David Milton WARREN, Appellant,

v.

The STATE of Texas, Appellee.

No. 744–87.

Court of Criminal Appeals of Texas, En Banc.

Feb. 10, 1988.

J. Gary Trichter, Henry L. Burkholder, III, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Eleanor M. McCarthy and Robert Keeple, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant pleaded guilty to driving while intoxicated, enhanced by a prior conviction. The court convicted appellant and assessed punishment at three years confinement and a fine of $450.00, probated. Subsequently, the State filed a motion to revoke appellant's probation. At the hearing on the motion to revoke, appellant filed a motion to dismiss the felony DWI conviction on the basis of ineffective assistance of counsel. The trial court overruled the motion and appellant pleaded true to the revocation allegations and the court assessed punishment at two years confinement.

The Houston (1st) Court of Appeals affirmed the conviction in an unpublished opinion. *Warren v. State*, No. 01–86–00369–CR (Tex.App.—Houston [1st dist.], delivered February 12, 1987) [Available on WESTLAW, 1987 WL 6509]. Appellant filed a petition for discretionary review contending that the Court of Appeals erred in following a previous cases from their own

Court, *McIntosh v. State*, 686 S.W.2d 759 (Tex.App.—Houston [1st Dist.] 1985, no pet.), to hold that appellant could not attack, on ineffective assistance grounds, the validity of the misdemeanor conviction at the plea hearing. The Court of Appeals held that "[t]he proper vehicle to challenge a conviction used in a subsequent suit for enhancement purposes is a writ of habeas corpus."

We grant appellant's petition for discretionary review, vacate the judgment of affirmance by the Court of Appeals, and remand this case to the Court of Appeals to consider the merits of appellant's ineffective assistance contention in accord with *Carter v. State*, 641 S.W.2d 557 (Tex.Cr. App.1982); *Glover v. State*, 566 S.W.2d 636 (Tex.Cr.App.1978); *Bray v. State*, 531 S.W. 2d 633 (Tex.Cr.App.1976); and *Wood v. State*, 478 S.W.2d 513 (Tex.Cr.App.1972).