martell 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00632-CR







Ex Parte: Charles Eugene Martell









FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-95-271, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING








 A Hays County grand jury indicted appellant Charles Martell for driving while intoxicated,
enhanced by three prior DWI convictions. Martell attempted to challenge one of the prior convictions by
applying for a writ of habeas corpus, but the district court refused to issue the writ. Martell attempts to
appeal the refusal. We will dismiss the appeal for lack of jurisdiction. 


BACKGROUND

 In June 1993, a Uvalde County district court convicted Martell of driving while intoxicated
pursuant to a guilty plea and sentenced him to four years' confinement, probated. After the conviction,
Martell filed an application for a writ of habeas corpus in the Uvalde court, arguing that his guilty plea was
involuntary due to his counsel's failure to apprise him of a potential defense. The Uvalde court denied his
application without a hearing, and Martell appealed to the San Antonio Court of Appeals. The court of
appeals dismissed the appeal for lack of jurisdiction. Ex parte Martell, 901 S.W.2d 754, 757 (Tex.
App.--San Antonio 1995, no pet.). In 1995 Martell was charged with DWI in Hays County. To enhance
punishment, the Hays County district attorney alleged in the indictment three prior DWI convictions
including the Uvalde County conviction. Martell filed another application for writ of habeas corpus, this
time in Hays County, challenging the Uvalde County conviction on the same grounds alleged in the prior
application. See Warren v. State, 744 S.W.2d 614, 615 (Tex. Crim. App. 1988) (writ of habeas corpus
is one vehicle for attacking prior conviction used to enhance punishment). The Hays County district court
also refused to issue the writ. Martell attempts to appeal this second refusal and asks us to consider the
merits of his ineffective counsel claim.


DISCUSSION

 A writ of habeas corpus is an order by a court of competent jurisdiction commanding one
who has a person in custody or under restraint to produce the person and show why the person is being
held. Tex. Code Crim. Proc. Ann. art. 11.01 (West 1977). Upon application, the court must decide
whether the allegations of illegal confinement justify issuing the writ and conducting procedures to address
the merits of those allegations. See id. art. 11.07, § 3(c), (d) (West Supp. 1997); Ex parte Ropollo, 558
S.W.2d 869 (Tex. Crim. App. 1977). It is well settled that an applicant may not appeal a district court's
refusal to issue a writ of habeas corpus, even after a hearing. Ex parte Hargett, 819 S.W.2d 866, 868
(Tex. Crim. App. 1991). Once a court issues the writ, however, or holds a hearing and rules on the merits
of the underlying claim, the losing party may appeal. Id. The court of criminal appeals has distinguished
a hearing held to determine if there is sufficient cause to issue the writ, from which no appeal lies, from an
actual hearing on the merits. Id. In Hargett, the lower court's action was held appealable because it had
examined the record and found the applicant's allegations to be without merit. Id. at 869.

 In the instant case, the district court held a pre-trial hearing and declined to issue the writ. 
Martell's counsel contends that, because Martell was present at this hearing and the court heard testimony
on the ineffective assistance claim, it considered and ruled on the merits of that claim. Whether we have
jurisdiction depends on whether the court actually addressed the merits of the ineffective assistance claim. 
See id.

 In its answer to Martell's application, the State contested the allegations of ineffective
assistance but also contended the court was not obligated to address them. At the hearing, defense counsel
advised the court of the purpose of the hearing: 


COUNSEL: [W]e agree that the State probably does wish to contest the granting of
relief in this case. 


 On the other hand, we're asking only at this point that the Court issue the
writ, which means merely hear the evidence which we have here to
present, and then make a determination whether or not relief should, in
fact, be granted. 



Counsel for both sides then argued over whether the court was obligated to issue the writ, the State pointing
out the Uvalde court had already refused to issue a writ sought to address the same allegations. The State
then offered defense counsel the opportunity to "develop a bill to establish what their testimony would have
been"; defense counsel accepted and put on testimony regarding the ineffective counsel claim.

 Defense counsel argues that these procedures effectively constituted issuance of the writ
and a hearing on the merits. However, counsel cannot convert this pre-trial hearing on whether to
consider the merits of the habeas corpus application to one on the merits by introducing testimony through
a bill of exception. Martell was present at the hearing because it was held just prior to his jury trial on the
enhanced DWI charge. Defense counsel himself told the court the purpose of the hearing. There is no
indication that the court considered and ruled on the merits of appellant's claim merely because of the
testimony included in the bill of exception.

 The court's order refusing to issue the writ persuades us we have no jurisdiction of this
appeal. The court acknowledged the arguments in support of and in opposition to the issuance of the writ
and ruled "that Defendant's Petition seeking the 'issuance' of a Writ of Habeas Corpus in this matter is
DENIED." (Emphasis in original.) The district court emphasized that it ruled only on whether to issue the
writ. The court further included in the order the finding that the application was frivolous and noted its
desire to follow the guidelines in Hargett for refusing to issue the writ. Martell contends the court's finding
that the application was frivolous constitutes a ruling on the merits. However, the court found, in further
support of its refusal to issue the writ, "THAT THERE ARE NO CONTROVERTED OR PREVIOUSLY
UNRESOLVED FACTS MATERIAL TO THE LEGALITY of the applicant's allegedly unlawful restraint
of his liberty . . . ." (Emphasis in original.) The court also took judicial notice of the fact that the Uvalde
court had already refused to issue the writ. The quoted language mirrors the statutory language and
specifically negates the conditions necessary to issue the writ. See Tex. Code Crim. Proc. art. 11.07, §
3(c), (d) (West Supp. 1997) (providing procedures for addressing an applicant's claim upon the court's
finding "controverted, previously unresolved facts which are material to the legality of the applicant's
confinement"). The court's use of the exact language shows it decided only that there were no facts
warranting a need to address the ineffective assistance claim.

 We conclude that the trial court did not issue the writ of habeas corpus and did not pass
on the merits of appellant's claim. This Court may not hear an appeal from the refusal to issue a writ of
habeas corpus, even if the trial court has held a hearing on whether to grant the writ application. Hargett,
819 S.W.2d at 868; Ex parte Hughes, 20 S.W.2d 1070 (Tex. Crim. App. 1929). Accordingly, we
dismiss this appeal for lack of jurisdiction without addressing Martell's second point of error regarding the
ineffective assistance claim.




 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Appeal Dismissed

Filed: April 24, 1997

Do Not Publish



writ. 
Martell's counsel contends that, because Martell was present at this hearing and the court heard testimony
on the ineffective assistance claim, it cons