**Rodolfo ALVAREZ, Appellant**

v.

**The STATE of Texas, Appellee**

No. 04–97–00955–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 24, 1999.

Rehearing Overruled May 3, 1999.

Paul J. Goeke, San Antonio, for Appellant.

Enrico B. Valdez, Assistant Criminal District Attorney, San Antonio, for Antonio, for Appellee.

Before TOM RICKHOFF, Justice, SARAH B. DUNCAN, Justice and KAREN ANGELINI, Justice.

## OPINION

Opinion by SARAH B. DUNCAN, Justice.

After the trial court revoked his probation, Rodolfo Alvarez was sentenced to eight years confinement in the Institutional Division of the Texas Department of Criminal Justice for the offense of indecency with a child by contact. Alvarez appeals, contending the trial court erred in refusing to conduct an evidentiary hearing on whether the guilty plea underlying his probated sentence was voluntary. We agree and therefore abate this appeal and remand the cause to the trial court with instructions.

### Factual and Procedural Background

Pursuant to a plea bargain agreement, Alvarez pled guilty to indecency with a child by contact, and the trial court imposed a fine and a ten-year probated sentence. Seven years later, Alvarez pled true to violating a term of his probation, and the trial court imposed another $500.00 fine and a sentence of eight years confinement in the Institutional Division of the Texas Department of Criminal Justice. Alvarez timely moved for a new trial, alleging the guilty plea underlying his probated sentence was involuntary. In his supporting affidavit, Alvarez set forth the grounds for his complaint:

> I am the Defendant in cause number 90–CR–0555, in which I was charged with Indecency with a child. I am not guilty of this offense.
>
> I was originally represented in this case by Attorney Rusty McCauley. I paid Mr. McCauley $1,500.00 to represent me in this matter. I told Mr. McCauley that I was not guilty.
>
> After a period of time, Mr. McCauley told me he had reviewed the state's file and that a jury trial would cost an additional $3,500.00. I did not have this kind of money and I told him so. He told me he could work out a plea bargain for the amount that I had already paid him.
>
> I entered a plea of guilty because I could not afford a trial. I want to withdraw my original plea of guilty to this offense and go to trial. I did not under stand [sic] that I had a right to a trial whether or not I could afford to pay the attorney fees for a jury trial.

At the ensuing hearing, the trial court ruled it did not have jurisdiction to consid-

er the voluntariness issue and denied the motion. Alvarez timely appealed.

## JURISDICTION

 A trial court errs in denying an evidentiary hearing on a timely filed motion for new trial raising a matter outside the record and upon which relief could be granted. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex.Crim.App.1993). However, as a general rule, a defendant may not challenge the validity of a conviction underlying a probated sentence in a revocation proceeding. *Whetstone v. State*, 786 S.W.2d 361, 363 (Tex.Crim.App.1990). But this general rule does not apply to a challenge that may properly be raised in a post-conviction writ of habeas corpus. *Smola v. State*, 736 S.W.2d 265, 266 (Tex. App.—Austin 1987, no pet.); *see also* 42 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 40.91 (1995). The general rule thus does not apply to the voluntariness of a guilty plea. *See e.g., Ex parte Kelly*, 676 S.W.2d 132 (Tex.Crim.App.1984) (voluntariness of a guilty plea may be raised by a post-conviction writ of habeas corpus). Therefore, the trial court must hold an evidentiary hearing if a defendant timely files and presents a motion for new trial challenging the voluntariness of the guilty plea underlying a revoked probated sentence.[1]

Alvarez timely filed and presented a sworn motion for new trial alleging the plea underlying his revoked, probated sentence was involuntary because of matters outside the record. This motion, properly supported by his affidavit, could entitle him to a new trial. We therefore hold the trial court abused its discretion in refusing to hold an evidentiary hearing. Because the trial court's error "prevents the proper presentation of [the] case," and "the trial

court can correct its action or failure to act," we "must direct the trial court to correct the error" and "then proceed as if the erroneous action or failure to act had not occurred." TEX.R.APP. P. 44.4(a)-(b). We therefore abate this appeal, remand the case to the trial court, and order the trial court to conduct an evidentiary hearing on Alvarez' motion and forward to this court a reporter's record of the hearing and a supplemental clerk's record containing the court's order. *See Meza v. State*, 895 S.W.2d 399, 401 (Tex.App.—Corpus Christi 1994, no pet.) (citing *McIntire v. State*, 698 S.W.2d 652, 662 (Tex.Crim.App. 1985)).

---

1. *Cf. Owens v. State*, 763 S.W.2d 489 (Tex. App.—Dallas 1988, pet. ref'd) (holding the trial court erred after revoking the defendant's probation by denying a hearing on a timely-filed motion for new trial because the motion raised matters that were outside the record); *Bruno v. State*, 916 S.W.2d 4 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd) (holding the trial court erred in denying a hearing on a motion for new trial alleging involuntariness of guilty plea).