No. 04-99-00513-CR

 

                                                             Ovidio GARCIA, Jr.,

                                                                       Appellant

 

                                                                             v.

 

                                                             The STATE of Texas,

                                                                       Appellee

 

                                 From the 229th Judicial District Court, Starr County, Texas

                                                          Trial
Court No. 91-CR-43

                                            Honorable
Gilberto Hinojosa, Judge Presiding

 

Opinion by:       Phil Hardberger,
Chief Justice

 

Sitting:  Phil
Hardberger, Chief Justice

Paul W.
Green, Justice

Karen Angelini, Justice

 

Delivered and Filed:      December
6, 2000

 

ABATED AND REMANDED

 








Ovidio Garcia, Jr. (AGarcia@) was granted an out-of-time appeal by the
Texas Court of Criminal Appeals.  Garcia
presents nine issues in his brief which raise various complaints relating to:
(1) the trial court=s failure
to appoint Garcia appellate counsel in a timely manner; and (2) the trial court=s involvement in the plea negotiations.  Because we find that Garcia was deprived of
appellate representation during a critical stage of the proceedings, we abate
this appeal and remand the cause to the trial court to the point at which
Garcia was convicted and sentence was imposed.

                                                       Procedural History

Garcia was
indicted in Starr County, but venue was subsequently transferred to Hidalgo
County.  Garcia was represented by
retained counsel at trial.  On March 24,
1992, Garcia was convicted of capital murder and sentenced to life in
prison.  On February 28, 1995, Garcia=s appeal was dismissed by the Thirteenth
Judicial District for want of jurisdiction because his notice of appeal was not
timely filed.  








In
November of 1994, Garcia filed a pro se application for writ of habeas corpus
seeking an out-of-time appeal.  After a
significant delay, the trial court ordered a hearing to address the following
issues: (1) who was responsible for the untimely filing of Garcia=s notice of appeal; (2) who was responsible
for the failure to file Asaid document@ in a
timely manner once it became apparent that the notice could not be timely
filed; and (3) whether Garcia timely expressed his desire to appeal his
conviction, while then detrimentally relying on one or both of his attorneys to
timely pursue said appeal.  The hearing
was ordered to consist only of the submission of affidavits by Garcia=s trial attorneys within sixty days from the
date of the order.  Despite numerous
efforts by the trial court, Garcia=s trial attorneys failed to file the affidavits.  The trial court then entered an order
containing findings of fact, conclusions of law, and a recommendation.  After reviewing the procedural history of
the case, the trial court concluded that A[t]he available data indicates that [Garcia=s trial attorneys] did not meet their
responsibility to consult with, and fully advise, [Garcia] concerning
post-trial remedies and the deadline to pursue said remedies.@ 
Based on its findings and conclusions, the trial court recommended that
Garcia be granted an out-of-time appeal. 
The Court of Criminal Appeals agreed and ordered that Garcia be Areturned to that point in time at which he
may give written notice of appeal . . . . 
For purposes of the Texas Rules of Appellate Procedure, all time limits
shall be calculated as if the sentence had been imposed on the date that the
mandate of this Court issues.@  The Court of Criminal Appeals
issued its mandate on May 10, 1996.

On May 28,
1996, Garcia filed a pro se notice of appeal and a Pauper=s Oath on Appeal requesting the appointment
of counsel.  Garcia also filed a motion
for new trial, alleging his plea was involuntary and that the trial judge
participated in the plea negotiations. 
The motion for new trial contains a prayer that a hearing be held on the
motion.  On July 3, 1996, Garcia filed
an affidavit in support of his motion for new trial, detailing the
circumstances which he contended caused his plea to be involuntary.  On July 17, 1996, Garcia filed a
supplemental motion for new trial.  The
supplemental motion also contains a prayer that a hearing be held on the
motion.  The supplemental motion for new
trial was accompanied by a cover letter in which Garcia asks whether and when
an attorney was going to be appointed to represent him.

On August
11, 1996, Garcia wrote the trial court clerk in Starr County inquiring about
the status of a motion to return venue to Starr County that the Starr County
district attorney had filed.  Garcia
also asked whether a hearing date had been set Aso that an attorney [could] be appointed to help [Garcia] in the
appellate process, including motions for new trial.@








On August
20, 1996, the trial court in Hidalgo County entered an order transferring venue
back to Starr County.[1]  The cover letter to the Starr County
District Clerk from the Hidalgo County District Clerk accompanying the record
states: AI believe that the defendant will need an
attorney to represent him on this appeal. 
Therefore, some action needs to be taken as soon as possible . . . .@

On August
29, 1996, Garcia wrote the judge of the 229th District Court of Starr County,
where Garcia=s case had been returned.  Garcia=s letter requests that he be bench warranted back to Starr County so
that an attorney could be appointed and his motions for new trial could be
presented, heard and ruled on by the court.

On
September 6, 1996, the Starr County district attorney filed an application for
writ of habeas corpus ad prosequendum, requesting that Garcia be brought to the
Starr County trial court for a AIndigence Hearing on Motion for New Trial and on his Appeal@ to be held on September 9, 1996.  At the hearing, the trial court presumably
determined that Garcia was indigent because Jose Luis Ramos was appointed to
represent him on September 12, 1996.  

In April
of 1997, Ramos requested permission to withdraw because he was then working on
five other appeals and the case would require a substantial amount of
time.  Ramos=s request was granted, and Jose Luis Garza
was appointed.  In July of 1997, Garza
requested permission to withdraw because he was then working on three other
appeals and the case would require a substantial amount of time.  Garza=s request was granted, and G. Allen Ramirez was appointed as new
appellate counsel.  In September of
1997, Ramirez filed a motion to withdraw because he did not handle appeals and
did not feel he was qualified to do so. 
Ramirez=s request was granted, and Joseph Connors was
appointed.








In May of
1998, Garcia filed an application for writ of habeas corpus in Starr County
because he believed the out-of-time appeal he was granted was a nullity given
the passage of time.  In September of
1998, Connors filed a supplemental second application for writ of habeas
corpus, asserting that Garcia was entitled to relief because the delay had
caused Garcia to lose the out-of-time appeal he had been granted.  The Court of Criminal Appeals issued an
opinion in response to that application, stating that it did not have
jurisdiction to consider the application because Garcia had timely perfected an
appeal in the out-of-time appeal by filing his pro se notice of appeal and that
appeal was still pending.  A record was
then filed in this court and the issues have been fully briefed.

                                          Effective Assistance of Counsel

Trial
counsel, retained or appointed, has the duty, obligation and responsibility to
consult with and fully advise his client concerning the meaning and effect of
the judgment rendered by the trial court, his right to appeal from that
judgment, the necessity of giving notice of appeal and taking other steps to
pursue an appeal, as well as expressing his professional judgment as to
possible grounds for appeal and their merit. 
Ex parte Axel, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988).  A motion for new trial can be an extremely
important tool for presenting an appeal. 
Prudhomme v. State, 285 S.W.3d 114, 118  (Tex. App.CTexarkana 2000, no pet. h.).  A
motion for new trial is not a prerequisite to an appeal, but it can be
indispensable for a meaningful appeal of issues which are reliant on facts
outside the record.  Id.  Numerous obstacles must be overcome in
preparing, filing, presenting, and obtaining a hearing on a proper motion for
new trial, because the process of preserving error with a motion for new trial
is governed by a myriad of rules and can be a rather arduous task.  Id. 
For these reasons, the time period for filing a motion for new trial is
a critical stage of a criminal proceeding in which criminal defendants are
entitled to assistance.  See id; see
also Hanson v. State, 11 S.W.3d 285, 288 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d); Massingill v. State, 8 S.W.3d 733,
736 (Tex. App.CAustin 1999, no pet.); Burnett v. State,
959 S.W.2d 652, 656 (Tex. App.CHouston [1st Dist.] 1997, pet. ref=d).








When the
record does not reflect that trial counsel withdrew or was replaced by new
counsel after sentencing, there is a rebuttable presumption that trial counsel
continued to effectively represent the defendant during the time limit for
filing a motion for new trial.  See
Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998).  This presumption will not be rebutted when
there is nothing in the record to suggest otherwise.  See id. at 662-63.

In this
case, the record rebuts this presumption. 
Garcia=s trial attorneys were retained.  The trial court concluded in its order
addressing Garcia=s
first application for writ of habeas corpus that  the trial attorneys Adid not meet their responsibility to consult with, and fully advise,
their client concerning post-trial remedies and the deadline to pursue said
remedies.@  In
addition, the trial attorneys failed to file affidavits in response to the
trial court=s order, indicating that they had either withdrawn
their representation or abandoned Garcia. 
Garcia requested appointed counsel when he filed his pro se notice of
appeal and motion for new trial and repeatedly requested the trial court to
rule on his request and set a hearing on his motion for new trial.  The trial court failed to appoint counsel
until September 12, 1996, over four months after Garcia=s out-of-time appeal was granted and almost
three and one-half months after Garcia requested the appointment.  This deprivation of counsel was in violation
of Garcia=s right to counsel under the Texas
Constitution and the Sixth Amendment to the United States Constitution.








Assuming
that Garcia is required to demonstrate harm, we note that his pro se motion for
new trial asserted that his plea was involuntary based on matters outside the
record.  Such a motion, if properly
supported by his affidavit, would entitle him to a hearing if properly
presented and requested.  See
Prudhomme, 28 S.W.3d at 121; see also Alvarez v. State, 995 S.W.2d 185,
187 (Tex. App.CSan Antonio 1999, pet. ref=d). 
Because Garcia was deprived of counsel, he was deprived of the
opportunity to present his motion to the trial court for a hearing and to make
a record for appellate review.  See
Prudomme, 28 S.W.3d at 121.  As a
result, Garcia was harmed.

Because
the deprivation of counsel did not contribute to Garcia=s conviction or punishment, reversal of the
trial court=s judgment is not required.  See id.  Instead, we abate the appeal to the trial court to the point at
which a motion for new trial can be filed. 
See id.

                                                                 Conclusion

This
appeal is abated, and the cause is remanded to the trial court to the point at
which Garcia was convicted and his sentence imposed.  The timetable for filing a motion for new trial shall begin on
the date this opinion is received by the district clerk.  If a motion for new trial is filed and the
trial court grants the motion, the record will be supplemented with a copy of
the trial court=s order, and Garcia=s appeal will be dismissed.  If a motion for new trial is filed and the
trial court overrules the motion for new trial, the record will be supplemented
with the court=s order and the reporter=s record of any hearing held on such motion,
and the parties will be permitted to brief any issues related to the overruled
motion.

PHIL HARDBERGER, 

CHIEF JUSTICE

 

DO NOT PUBLISH








 











[1]The transfer was permissible under article 31.08,
section 3 of the Texas Code of Criminal Procedure.  See Tex. Code  Crim. Proc. Ann. art. 31.08, ' 3 (Vernon Supp. 2000); see also Tex. R. App. P. 25.2(e) (proceedings
in trial court not suspended until record is filed in appellate court).