Rodolfo ALVAREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–97–00955–CR.

Court of Appeals of Texas,
San Antonio.

May 2, 2001.

Paul J. Goeke, San Antonio, for Appellant.

Enrico B. Valdez, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: RICKHOFF, DUNCAN and ANGELINI, JJ.

## OPINION

DUNCAN, Justice.

Pursuant to a plea bargain agreement, Rodolfo Alvarez pled guilty to indecency with a child by contact. The trial court sentenced Alvarez to ten years imprisonment, suspended the sentence, and placed Alvarez on probation. The trial court later revoked Alvarez' probation and sentenced him to eight years in the Texas Department of Criminal Justice–Institutional Division. Alvarez filed a motion for new trial, supported by his affidavit, alleging the guilty plea underlying his probated sentence was involuntary. The trial court ruled it did not have jurisdiction to consider the voluntariness issue and denied the motion. Alvarez appealed, contending the trial court erred in refusing to conduct an evidentiary hearing on his motion for new trial. This court agreed and on February 24, 1999 issued an opinion and order abating the case and remanding it to the trial court for an evidentiary hearing. *Alvarez v. State*, 995 S.W.2d 185 (Tex.App.—San Antonio 1999, pet. dism'd). The trial court heard and denied the motion for new trial. After supplemental briefing on the voluntariness issue, this court affirmed the trial court's judgment. *Alvarez v. State*, No. 04–97–00955, 2000 WL 1690409 (Tex. App.—San Antonio Nov.1, 2000, no pet. h.). The State has filed a motion for rehearing. We grant the motion, withdraw our February 24, 1999 and November 1, 2000 opinions and our November 1, 2000 judgment, and dismiss the appeal for lack of jurisdiction.

■ The general rule has long been that a defendant may not challenge the validity of a conviction underlying a probated sentence in a revocation proceeding or on

appeal from the revocation. *Whetstone v. State,* 786 S.W.2d 361, 363 (Tex.Crim.App. 1990). Our first opinion in this case was grounded on the longstanding exception to this rule that "any complaint concerning the original judgment of conviction that could be raised in a post-conviction habeas corpus proceeding ... may also be raised on appeal from an order revoking probation." *Smola v. State,* 736 S.W.2d 265, 266 (Tex.App.—Austin 1987, no pet.). *See, e.g., Whetstone,* 786 S.W.2d at 363 (defendant may raise contention that indictment was fundamentally defective for the first time at revocation hearing and court of appeals may consider issue on appeal from revocation); *Carter v. State,* 641 S.W.2d 557 (Tex.Crim.App. [Panel Op.] 1982) ( original conviction may be attacked on the basis of ineffective assistance of counsel at time of revocation); *Ramirez v. State,* 486 S.W.2d 373 (Tex.Crim.App.1972) (claim that conviction used for enhancement was invalid due to denial of right to counsel may be raised at time of revocation).

However, in *Daniels v. State,* 30 S.W.3d 407 (Tex.Crim.App.2000), the Court of Criminal Appeals implicitly over-ruled these cases by summarily holding the court of appeals has no jurisdiction to consider the voluntariness of the original plea in an appeal from an order revoking probation and adjudicating a defendant guilty. Although *Daniels* is a deferred adjudication case, the court's reasoning appears to apply equally to regular probation. In accordance with *Daniels,* we therefore withdraw our previous opinions and judgment and dismiss this appeal for lack of jurisdiction.