NUMBER 13-01-146-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


BRIAN LEE MALDONADO , Appellant,


v.


THE STATE OF TEXAS , Appellee.

__________________________________________________________________


On appeal from the 156th District Court

of Bee County, Texas.

__________________________________________________________________


O P I N I O N


Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Justice Castillo 


Appellant, Brian Lee Maldonado, appeals the revocation of his community supervision. He raises three points of error,
complaining of the insufficiency of the evidence to support his original conviction, the ineffective assistance of counsel at
his original plea of nolo contendere, and challenging the voluntariness of his original plea. We dismiss for want of
jurisdiction. 

Procedural History

Maldonado pled nolo contendere to a third-degree felony offense of deadly conduct (1) on June 25, 1996, pursuant to a plea
bargain agreement. The trial court deferred adjudication of guilt and placed appellant on six years community supervision.
The State later filed a motion to revoke community supervision and on June 18, 1998, appellant pled "true" to several
allegations in the motion to revoke. The trial court then adjudicated Maldonado's guilt on the deadly conduct charges and
sentenced him to eight years in prison but suspended imposition of the sentence and placed Maldonado on six years
community supervision. 

On July 13, 2000, the State filed a motion to revoke appellant's community supervision, which motion was subsequently
amended on October 1, 2000. Maldonado pled "true" to the amended motion to revoke on October 12, 2000. 

The trial court revoked appellant's community supervision, but reduced his sentence from eight years confinement to three
years confinement. Appellant filed a motion for new trial on November 3, 2000, which was denied. On December 19,
2000, appellant filed a notice of appeal, advising that he was appealing the judgment and sentence entered on October 12,
2000.

Issues on Appeal

Despite appellant's statements in his notice of appeal, appellant does not in any way complain of the trial court's action in
revoking his community supervision on October 12, 2000. None of the alleged errors that he complains of relate to that
hearing. Rather, he complains that: 1) the trial court erred in adjudicating him guilty in 1998 of the offense of deadly
conduct because appellant had previously entered a plea of nolo contendere and the evidence submitted in support of that
plea was legally insufficient to support the conviction; 2) he received ineffective assistance of counsel at his original plea of
nolo contendere in 1996; and 3) the 1996 plea of nolo contendere was involuntary due to the ineffective assistance of
counsel received at that time.

We first note that appellant did not choose to appeal either at the time of his original plea when he was placed on deferred
adjudication in 1996, or at the time that his deferred adjudication was revoked and he was adjudicated guilty in 1998 and
placed on regular probation. Instead, appellant chose to wait until after his regular probation was revoked in 2000 and then
assert his complaints about the prior proceedings. This he may not do. 

If an appellant wishes to appeal issues arising from his original plea proceeding, he is required to do so in an appeal taken
at that time. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). As recently restated by the court of
criminal appeals in Vidaurri v. State, "a defendant placed on deferred adjudication may raise issues relating to the original
plea proceeding only in appeals taken when deferred adjudication is imposed and not after guilt is adjudicated." Vidaurri v.
State, 49 S.W.3d 880, 884 (Tex. Crim. App. 2001)(citing Manuel, 994 S.W.2d at 661) (emphasis added). As to his second
and third issues, therefore, appellant was required to file a notice of appeal within the appropriate appellate deadlines as
calculated from the date he was originally placed on deferred adjudication. Tex. R. App. P. 26.2;Manuel, 994 S.W.2d at
660-62. We have no jurisdiction in this appeal to review issues related to the 1996 plea proceeding. 

As to Maldonado's first issue, in which he claims that the evidence was insufficient to support the adjudication of his guilt,
we note that a defendant may not appeal the trial court's determination to adjudicate. Tex. Code Crim. Proc. Ann. art.
42.12,§5(b)(Vernon Supp. 2001). This includes complaints that the evidence was insufficient to support the conviction.
Tillman v. State, 919 S.W.2d 836, 837 (Tex. Crim. App. 1996). Further, appellant is not complaining of any action taken at
the October 2000 revocation hearing on his regular probation, but rather, a decision of the trial court made at the June 1998
hearing relating to the disposition of appellant's deferred adjudication probation. Appellant's appeal of this issue is
therefore untimely as any complaint regarding actions taken in June 1998 would have been properly appealed at that time.
Tex. Code Crim. Proc. Ann. art. 42.12,§5(b)(Vernon Supp. 2001)(stating in relevant part, "[a]fter an adjudication of guilt,
all proceedings, including ... defendant's appeal continue as if the adjudication of guilt had not been deferred"). However,
even if there was no timeliness question, we would be unable to address the complaint as there is simply no legal authority
permitting appellant to appeal the sufficiency of the evidence to support his conviction, which complaint is a direct attack
on the trial court's decision to adjudicate guilt. Id.; Tillman, 919 S.W.2d at 837. Hence, we are also without jurisdiction to
consider appellant's first issue.

The "Habeas Corpus" and "Void Judgment" Exceptions

Although not discussed in appellant's brief, a review of the record at the hearing on the motion for new trial below indicates
that appellant may have been attempting to rely on the "habeas corpus" exception to the Whetstone (2) rule as stated in
Carter v. State, 641 S.W.2d 557, 557-58 (Tex. Crim. App. 1982), and Warren v. State, 744 S.W.2d 614, 614-15 (Tex.
Crim. App. 1988). (3) The court of criminal appeals recently considered whether this exception would be extended to
deferred adjudication pleas and thus whether a defendant would be allowed to raise issues related to his original plea, upon
appeal of his revocation of the deferred adjudication, if they had been raised in the trial court and were permissible in a writ
of habeas corpus. Jordan v. State, Nos. 1929-99 and 1930-99, 2001 Tex. Crim. App. LEXIS 54, *3-*8 (June 27, 2001) .
The court answered this question in the negative and overruled Warren and Carter, stating that an appellant could no longer
rely on this exception in either "regular" or deferred adjudication revocations and thus if an appellant wished to have an
appellate court review matters related to the original plea, he would have to seek relief via a traditional writ of habeas
corpus, assuming his complaints were cognizable by writ.

Id. (4)

The court of criminal appeals, on that same day, did recognize that the "void judgment exception" to Whetstone was still
valid, and was applicable in the deferred adjudication context, but noted that the exception was very rare and generally
arose in the context of a lack of jurisdiction. Nix v. State, No. 793-00, 2001 Tex. Crim. App. LEXIS 52, *4 -*9 (June 27,
2001). The court enumerated a "very nearly" exclusive list of circumstances in which a conviction might be void, upon
which appellant's complaints do not appear. Id. at *7. Appellant's complaints of involuntariness, ineffective assistance of
counsel, and insufficiency of the evidence, even if true, would not render the judgment void. See Jordan, 2001 Tex. Crim.
App. LEXIS 54 at *3; Nix, 2001 Tex. Crim. App. LEXIS 52 at *8 n. 14, *9 (citing Custis v. United States, 511 U.S. 485,
496 (1994)). Hence, the void judgment exception likewise does not apply.

Conclusion

Having determined that we are without jurisdiction to consider any of appellant's issues, we dismiss this cause for lack of
jurisdiction.

ERRLINDA CASTILLO

Justice

Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 29th day of November, 2001.

1. Tex. Pen. Code Ann. §22.05(b) (Vernon 1994).

2. Whetstone v. State, 786 S.W.2d 361, 363 (Tex. Crim. App. 1990) (holding that in a regular probation case, an appellant
may not ordinarily challenge the validity of the original conviction during an appeal of a revocation order.)

3. Appellant did make arguments regarding this exception and the "void judgment" exception at oral argument.

4. The court also applied the rule retroactively and thus is applies to all cases, not just those subsequent to the opinion. 
Jordan v. State, Nos. 1929-99 and 1930-99, 2001 Tex. Crim. App. LEXIS 54, *9 - 10 (June 27, 2001).