NUMBER 13-04-245-CR

  
NUMBER 13-04-246-CR     

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS CHRISTI - EDINBURG  

                                                                                                               
      

 

CHRISTOPHER DEAN LITTLE,                                                      Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

                                                                                                                                      


On appeal from the 377th District Court of Victoria County, Texas.

                                                                                                                      


MEMORANDUM OPINION

 

                          Before
Justices Yañez, Castillo, and Garza

                            Memorandum
Opinion by Justice Garza                       

 








Appellant, Christopher Dean Little, was charged in
two separate indictments with unauthorized use of a vehicle, see Tex. Pen. Code Ann. ' 31.07 (Vernon 2003), and unauthorized  possession of a controlled substance, see Tex. Health & Safety Code Ann. ' 481.115(a), (c) (Vernon 2003).[1]  Prior to trial on the two charges, appellant
entered into a plea bargain agreement with the State.  Appellant pled guilty to both charges and was
sentenced to two years= imprisonment for the unauthorized use of a vehicle
charge and five years= imprisonment for the unauthorized possession of a
controlled substance charge.  The
sentences were suspended and appellant was placed on community
supervision.  The State subsequently
filed a motion to revoke community supervision. 
At the hearing on the motion, appellant pled true to five of the
violations alleged by the State.  The
trial court granted the motion and sentenced appellant to the originally
imposed sentences.[2]


Appellant=s counsel has filed an Anders brief with this
Court, in which he states that he has reviewed the record and concludes that
only four possible issues exist for appeal. 
See Anders v. California, 386 U.S. 738, 744 (1967).  Counsel=s brief further concludes that these issues lack
merit and any appeal in this case would be frivolous.  See id. 
The brief meets the requirements of Anders as it presents a
professional evaluation showing why there are no arguable grounds for advancing
an appeal.  See Stafford v. State,
813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).  In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has carefully discussed why,
under controlling authority, there are no errors in the trial court=s judgment. 
Counsel certifies that he has served a copy of his brief on appellant
and informed appellant of his right to file a pro se brief.  More than thirty days have passed and no pro
se brief has been filed.  See Tex. R. App. P. 38.6. 








As a general rule, an order revoking community
supervision is subject to appeal.  Tex. Code Crim. Proc. Ann. art. 42.12 ' 23(b) (Vernon Supp. 2004-05).  Appellate review of an order revoking
community supervision is limited to whether the trial court abused its
discretion.  See Forrest v. State,
805 S.W.2d 462, 463-64 (Tex. Crim. App. 1991) (en banc); Moses v. State,
590 S.W.2d 469, 470 (Tex. Crim. App. 1979). 
An order revoking supervision must be supported by a preponderance of
the evidence.  Scamardo v. State,
517 S.W.2d 293, 298 (Tex. Crim. App. 1974). 
The State bears the burden of proving the allegations upon which the
motion to revoke supervision is premised. 
Id.  One ground for
revocation, if proven, is sufficient to revoke a defendant=s probation.  Moore
v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).  The reviewing court must view the evidence
presented at the revocation hearing in the light most favorable to the court=s decision.  Garrett
v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); Liggett v. State,
998 S.W.2d 733, 736 (Tex. App.BBeaumont 1999, no pet.). 

I.  Sufficiency of Evidence

Appellant=s counsel suggests that one of the possible issues
for appeal is that the evidence produced at the revocation hearing was
insufficient to support the revocation. 
Appellant pled Atrue@ to five of the seven alleged violations of
community supervision.  A plea of Atrue@ to alleged violations of community supervision is sufficient
to revoke community supervision.  Cole
v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979);  Moses, 590 S.W.2d at 470; see also
Guajardo v. State, 24 S.W.3d 423, 427 (Tex. App.BCorpus Christi 2000, pet. granted).  The trial court therefore had sufficient
evidence upon which the revocation was based. 
Accordingly, we agree with counsel=s conclusion that this issue is without merit. 








II.  Punishment Hearing  

The second issue identified by counsel is based on
the trial court=s failure to hold a separate hearing on
punishment.  Without citing to authority,
counsel suggests that when a court revokes community supervision, it may impose
the sentence that was originally assessed at the prior punishment hearing.  However, counsel points out that, the trial
court may not mechanically impose a previously announced sentence without
considering evidence adduced at the revocation hearing.  Counsel asserts that to do so would deny due
process at the revocation proceeding by (1) excluding evidence relevant to
punishment, (2) precluding the judge presiding at the revocation hearing from
considering the full range of punishment prescribed by law, and (3) depriving
the defendant of a fair and impartial tribunal at the revocation punishment
hearing.  See Howard v. State, 830
S.W.2d 785, 787-88 (Tex. App.BSan Antonio 1992, pet. ref=d.); Jefferson v. State, 803 S.W.2d 470, 472
(Tex. App.BDallas 1991, pet. ref=d.).  








AIf community supervision is revoked after a hearing
under section 21 of this article, the judge may proceed to dispose of the case
as if there had been no community supervision . . . .@  Tex. Code Crim. Proc. Ann. art. 42.12, ' 23(a).  The
record reflects that after the trial court revoked appellant=s community supervision, the court did not conduct a
formal punishment hearing before pronouncing the sentence.  Appellant, however, neither objected at the
close of the revocation hearing nor filed a motion for new trial, complaining
of this alleged error.[3]  If a defendant fails to inform the trial
judge of the potential error through a Atimely request, objection, or motion,@ there is no opportunity for correction at the trial
level.  See Tex. R. App. P.
33.1.  It is for this reason that
defendants must object to alleged errors on the record before those errors may
be appealed.  Vidaurri v. State,
49 S.W.3d 880, 886 (Tex. Crim. App. 2001) (en banc); see also Liggett,
998 S.W.2d at 736 (holding that even if trial court erred in failing to conduct
a formal punishment hearing or provide a defendant opportunity to request one
prior to pronouncing sentence following community supervision revocation
hearing, any error was not preserved for appellate review, because defendant
neither objected at close of the revocation hearing nor filed a motion for new
trial).  Because appellant failed to
object or file a motion for new trial complaining of this alleged error, we
hold appellant has waived review of his complaint. 

III.  Variance

The third issue identified by counsel questions whether
an impermissible variance between the motion to revoke community supervision
and the evidence adduced at the hearing rendered the revocation invalid.  Apparently, a question was raised as to
whether appellant had moved to Hico, Texas; Hamilton, Texas; or Stephenville,
Texas, in violation of two of the terms of his community supervision.       








An allegation in a motion to revoke probation need
not meet the particulars of an incident or complaint.  Mitchell v. State, 608 S.W.2d 226, 228
(Tex. Crim. App. 1980).  It is sufficient
if it gives the person notice to enable him to prepare a defense.  Labelle v. State, 720 S.W.2d 101, 108
(Tex. Crim. App. 1986).  Both the State=s evidence and appellant=s admission established that appellant left Victoria
County without obtaining permission and thereby violated the terms of his
community supervision.  Any variance
between the motion and the proof is so slight that it fails to present a
meritorious issue as to whether appellant had fair notice of the issues he
would be required to defend at a hearing on the State=s motion.  See
Labelle, 720 S.W.2d at 108.    

IV.  Voluntariness of Plea

Finally, counsel suggests that appellant=s plea of guilty in the underlying conviction may
not have been entered knowingly, intelligently, and voluntarily.  However, appellant=s counsel concedes that this Court has no
jurisdiction to consider the voluntariness of appellant=s original plea. 
See Alvarez v. State, 50 S.W.3d 566, 567 (Tex. App.BSan Antonio 2001, pet. ref=d).  We
agree.  Appellant should have raised
issues related to his original plea of guilty within the proper time to file an
appeal following the proceeding in which the entry of his plea of guilty took
place.  He cannot now raise issues
concerning that proceeding.  See
Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).  

V.  Independent Review of Record

 Upon
receiving a Afrivolous appeal@
brief, appellate courts must conduct a full examination of all the proceedings
to decide whether the case is wholly frivolous. 
Penson v. Ohio, 488 U.S. 75, 80 (1988).  Having reviewed the entire record, we
conclude that there are no reversible grounds of error.

VI.  Motion to Withdraw








In accordance with Anders, appellant=s attorney has asked permission to withdraw as
counsel for appellant.  See Anders,
386 U.S. at 744.  We grant his motion to
withdraw.  We further order counsel to
notify appellant of the disposition of this appeal and the availability of
discretionary review.  See Ex Parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).     

 The judgment
of the trial court is affirmed.                        

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Do not publish.                                              

Tex.R.App.P. 47.2(b)

Memorandum Opinion delivered 

and filed this the 28th day of July, 2005.











[1] Appellant was charged by
indictment for unauthorized use of a vehicle on September 4, 2001, in cause
number 13-04-00246-CR.  He was
subsequently charged by indictment for unlawful possession of a controlled substance
on October 9, 2001, in cause number 13-04-00245-CR.     





[2] The court modified appellant=s sentence for unauthorized use of
a vehicle from two years to twenty months with 296 days credit.  The court imposed the original five year sentence
for the unauthorized possession of a controlled substance charge with 239 days
credit.  





[3] The record reflects that at the
close of the revocation hearing, the trial court provided appellant with an
opportunity to object by asking appellant=s counsel if there was any legal reason why the court
should not pronounce and impose the sentence. 
Appellant=s counsel responded that there was
not.