MEMORANDUM OPINION

No. 04-04-00578-CR

Charlie McIntosh MASSEY,
Appellant

v.

The STATE of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2002-CR-6591
Honorable Philip A. Kazen, Jr., Judge Presiding
 
Opinion by:    Sandee Bryan Marion, Justice
 
Sitting:            Sarah B. Duncan, Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice
 
Delivered and Filed:   October 19, 2005

AFFIRMED

            Defendant, Charlie McIntosh Massey, pled no contest to forgery of a commercial instrument,
pursuant to a plea bargain, and was placed on community supervision. Later, Defendant pled “true”
to violating the terms of her community supervision. Defendant filed a general notice of appeal, and
her court-appointed appellate attorney filed a brief containing a professional evaluation of the record
and demonstrating there are no arguable grounds to be advanced. Counsel concludes that the appeal
is without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738 (1967). 
Defendant was informed of her right to review the record. Counsel provided defendant with a copy
of the brief and advised her of her right to file a pro se brief. Defendant filed a brief alleging she
entered a plea of nolo contendere without knowing that meant she had to agree the evidence was
true; she was not guilty; and she did not know she could not go to trial if she pled not guilty.
            Defendant was required to raise any complaints involving the imposition of regular
community supervision at the original proceeding, but she did not do so. See Corley v. State, 782
S.W.2d 859, 860 (Tex. Crim. App. 1989); see also Alvarez v. State, 50 S.W.3d 566, 567 (Tex.
App.—San Antonio 2001, no pet.). Thus, we do not have jurisdiction to consider any arguable issues
regarding the original imposition of regular community supervision. Alvarez, 50 S.W.3d at 567. 
However, we may review defendant’s appeal to the extent it relates to the revocation of her
community supervision after her plea of true. See Feagin v. State, 967 S.W.2d 417, 419 (Tex. Crim.
App. 1998). Defendant asserts she was misled and was not aware of the consequences of her plea. 
A review of the record has uncovered no evidence to substantiate defendant’s claim that she was
misled and thereby induced into pleading true. A trial court is not required to admonish a defendant
as to the consequences of a plea of true to probation violations. See Harris v. State, 505 S.W.2d 576,
578 (Tex. Crim. App. 1974); Lanum v. State, 952 S.W.2d 36, 39 (Tex. App.—San Antonio 1997,
no pet.). Also, we do not consider allegations that are unsupported and unfounded in the record. 
Garcia v. State, 791 S.W.2d 279, 282 (Tex. App.—Corpus Christi 1990, pet. ref’d). Finally, we note
that a plea of true alone is sufficient to support the trial court’s determination to revoke. Cole v.
State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979). We thus find that defendant has not met her
burden to show that she pled true without understanding the consequences of her plea and,
consequently, suffered harm. 
            After reviewing the record, we agree that the appeal is frivolous and without merit. The
judgment of the trial court is affirmed. Furthermore, we GRANT counsel’s motion to withdraw. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); Bruns v. State, 924
S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). 
 
Sandee Bryan Marion, Justice
DO NOT PUBLISH