

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00732-CR

Michael Angel **SANCHEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR7301
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:       Marialyn Barnard, Justice
               Patricia O. Alvarez, Justice
               Jason Pulliam, Justice

Delivered and Filed:  July 29, 2015

DISMISSED FOR WANT OF JURISDICTION

Pursuant to a plea agreement, Appellant Michael Sanchez entered a plea of nolo contendere to the charge of aggravated robbery. The trial court assessed punishment at fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Sanchez filed a general notice of appeal. The trial court did not grant Sanchez permission to appeal.

On appeal, Sanchez contends his plea was involuntary because he detrimentally relied on the court's admonishments concerning whether his state sentence would run concurrently with an active federal sentence. Absent the proof of one of the exceptions provided in Texas Rules of

Appellate Procedure 25.2, we are without jurisdiction to consider the merits of Sanchez's complaint, and we dismiss the appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

Following admonishments by the trial court, Sanchez entered a plea of nolo contendere pursuant to a plea bargain on July 21, 2014. The plea bargain provided that the trial court would not assess punishment in excess of seventeen years' confinement. Before accepting Sanchez's nolo contendere plea, the trial court affirmed Sanchez was mentally competent and the plea was entered freely and voluntarily.

Trial Court:     Are you entering that plea freely and voluntarily?
Sanchez:         Yes, Your Honor.
Trial Court:     Has anybody threatened you, used any force or violence on you or
                 promised you anything to get you to plead nolo contendere?
Sanchez:         No, Your Honor.

In addition to the oral questions pertaining to the voluntariness of the plea, the trial court was also presented with a document entitled "Court's Admonishments and Defendant's Waivers and Affidavit of Admonitions" wherein Sanchez acknowledged:

4.     If I have a plea bargain agreement with the prosecutor, its terms are fully set forth in the attached document. I have received no promise from the prosecutor, my attorney or the Court which are not set forth in that document, and I realize that no one else would be empowered to make me any promises.

The agreement included the following items "mutually agreed and recommended by the parties:"

- Punishment to be assessed at cap 17 years [sic]
- Affirmative Finding of a Deadly Weapon or 3G Offense, Defendant is not eligible for supervision under CCP 42.12, Sec. 3
- State opposes community supervision/deferred adjudication
- Restitution to be determined by the Court through the Community Supervision office

The trial court proceeded to find that Sanchez entered his plea freely and voluntarily and that the evidence was sufficient to support the plea.

At the time of the plea, Sanchez was in federal custody serving a seven year, three month sentence for a federal offense. Sanchez expressed concern about whether his state sentence would run concurrently or consecutively with his existing federal sentence. The trial court explained to Sanchez that he would likely be returning to federal custody following his sentencing in state court. The record does not contain any comments by Sanchez's attorney regarding his client's sentencing inquiry. The court explained:

> My understanding is that—again, *I don't want you to rely on it* because I don't know if they changed the rules[,] but my understanding is that if you—you go—when you finish this sentencing, you'll go back to the federal penitentiary and the State of Texas will recognize and give you credit on your sentence here . . . .

(emphasis added).

The court repeatedly couched comments regarding the probability of Sanchez serving a portion of his state sentence in the federal penitentiary in cautionary language. Statements by the court included: "I don't know—I don't know if it still works this way."; "But the State is probably going to give you credit for your State's time . . . ."; "I don't want you to rely on that . . . ." When asked if he understood the proceedings and the court's limitations, Sanchez replied, "Okay."

On September 15, 2014, the trial court sentenced Sanchez to fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice, an amount less than the maximum seventeen-year term stipulated to in the plea bargain. At that time, Sanchez's attorney asked the trial court whether the sentence would run concurrently with Sanchez's federal sentence. The trial court stated it would. On October 15, 2014, Sanchez appeared before the court for a hearing on a motion to reconsider his sentence. Sanchez requested that his judgment be amended to reflect his good behavior in custody—where he had remained continuously since 2011. The trial court denied the motion, holding the court had already sentenced Sanchez below the allotted maximum provided in the plea bargain.

Sanchez now appeals his plea of nolo contendere, arguing he was "misled and harmed by the trial court's admonishment" regarding where his sentence would be served. Sanchez has remained in Texas Department of Criminal Justice custody since his sentencing. As a result, Sanchez argues his plea was made involuntarily.

### APPELLATE LAW

**A.      Texas Rule of Appellate Procedure 25.2**

"The standard for determining [appellate] jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008); *see also* TEX. CONST. art. V, § 6(a). Texas Rule of Appellate Procedure 25.2 authorizes an appellant's right to appeal in a plea bargain case. TEX. R. APP. P. 25.2(a)(2); *see also Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

For an appellant whose sentence did not exceed the punishment stipulated to in the plea bargain, Rule 25.2 enumerates two exceptions permitting an appeal on the basis of an involuntariness claim. TEX. R. APP. P. 25.2(a)(2). The rule currently provides:

> In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal.

*Id.* Although the Texas Rules of Appellate Procedure do not establish jurisdiction of appellate courts, the Rules set out procedures, which must be followed in order to invoke jurisdiction over a particular appeal. *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (citing *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996)). If the appellate court's jurisdiction is not

properly invoked, "the power of the appellate court to act is as absent as if it did not exist." *Ex Parte Caldwell*, 383 S.W.2d 587, 589 (Tex. Crim. App. 1964); *see, e.g., Sanchez v. State*, 53 S.W.3d 684, 685 (Tex. App.—San Antonio 2001, pet. ref'd) (the court was "without jurisdiction to consider the merits of appellant's complaint" regarding voluntariness where an appellant pled guilty with a plea bargain, and the trial court assessed a punishment within the terms of the plea bargain); *see also Alvarez v. State*, 50 S.W.3d 566, 566–67 (Tex. App.—San Antonio 2001, no pet.) (holding the appellate court does not have jurisdiction to rule on an issue of *voluntariness* of an original *plea* in an *appeal* from an order revoking probation).

### B.    Analysis

Here, Sanchez, both orally and in writing, voluntarily waived his rights and entered a plea of nolo contendere. Sanchez was sentenced within the plea bargain terms, and he now appeals a post-conviction matter without the permission of the trial court. Because Sanchez does not satisfy either exceptions under Rule 252, *see* TEX. R. APP. P. 25.2(a)(2), this court must "dismiss the prohibited appeal without further action, regardless of the basis for the appeal." *Chavez*, 183 S.W.3d at 680; *see also Sanchez*, 53 S.W.3d at 685. We note, an appellate court is precluded from making "inquiry into even possibly meritorious claims." *Chavez*, 183 S.W.3d at 680.

Nevertheless, Sanchez's failure to comply with Rule 252.2's requirements does not affect his right to bring a claim through the proper channels. *See generally White v. State*, 61 S.W.3d 424, 427–29 (Tex. Crim. App. 2001). Claims of involuntary pleas may be raised in either a motion for new trial or post-conviction writ of habeas corpus. *See Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001). "These procedures are not only adequate to resolve claims of involuntary pleas, but they are superior to appeal in that the claim may be supported by information from sources broader than the appellate record." *Id.*; *see also* TEX. R. APP. P. 25.2(a)(2).

## CONCLUSION

Because Sanchez's sentence did not exceed the punishment specified in the plea bargain, his appellate rights are limited to the two exceptions permitting a general notice of appeal set forth in Rule 25.2(a)(2). TEX. R. APP. P. 25.2(a)(2). Neither exception is applicable here.

For these reasons, this court is without jurisdiction to consider the merits of Sanchez's complaint and the appeal is dismissed.

Patricia O. Alvarez, Justice

DO NOT PUBLISH