## JOSEPHINE HURST V. STATE

No. 28,498. October 24, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) November 28, 1956.

*E. Colley Sullivan,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *George P. Blackburn* and *Charles D. Cabaniss,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 50 days in jail and a fine of $75.00.

One Derryberry testified that on the occasion in question an automobile passed a stop sign, entered an intersection, and collided with the left door of his automobile; that he brought his automobile to a halt and caught a ride in another automobile in pursuit of the one which had collided with him; that they finally overtook the fleeing automobile and found it to be driven by the appellant. He stated that he asked the appellant to wait for the police, that the appellant stated that she had not had an accident and made an effort to get her automobile started but was unable to do so. He testified further that in his opinion, from the manner of the appellant's speech, the manner in which she attempted to start her automobile, and the manner in which she walked after the officers got her out, she was extremely intoxicated.

Officers Simpson and Alexander, who arrived upon the scene, testified that the appellant was reluctant to give her name, refused for a long time to get out of her automobile, and that when they finally got her out she walked unsteadily and at-

tempted to fight one of the officers. Each of them stated that her breath smelled of alcohol, that she had urinated in the dungarees she was wearing, and expressed the opinion that she was intoxicated. A partially empty bottle of whiskey was found under the seat of her automobile.

The appellant, testifying in her own behalf, stated that she had been ill for several days before the day in question and had been taking cough medicine earlier in the day before the accident. She stated further that she had been fishing that day and, while away, had taken two drinks out of a bottle of whiskey she found among her fishing gear. She stated that she "blacked out" while at the stop sign and did not remember the collision.

Appellant called her maid as a witness, and she testified that the appellant was acting normally just prior to the accident but that she was not a witness thereto.

No brief has been filed for the appellant, but we have examined the informal bills of exception preserved in the record and fail to find any serious question raised thereby. We could contribute nothing to the jurisprudence of this state by discussing them.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.