**Clarence McFARLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0872–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 29, 1983.

Kenneth Urmy, Houston, for appellant.

Charles D. Houston, Bellville, for appellee.

Before EVANS, C.J., and BULLOCK and LEVY, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from an order revoking the appellant's probation. We affirm.

In a prior proceeding, the appellant was convicted of the offense of unauthorized use of a motor vehicle. He was fined $5,000 and sentenced to ten years imprisonment, probated. The trial court, in this proceeding, ordered the appellant's probation revoked and reassessed his punishment at six years imprisonment and a $5,000 fine.

The State's motion for revocation of probation alleged that appellant, a private in the United States Army, stationed at Fort Hood in Bell County, had violated various conditions of his probation in the course of an altercation at the Army base. The motion alleged:

A. On or about the 11th day of February, A.D., 1981, in the County of Killeen and Bell County, State of Texas, the said Clarence McFarlin, did then and there knowingly and intentionally cause bodily injury to another, namely, Edmundo Rios, Jr.; and

B. On or about the 11th day of February, A.D., 1981, in the County of Killeen and Bell County, State of Texas, the said Clarence McFarlin, did then and there knowingly and intentionally cause bodily injury to another, namely, Donald E. Kirkland; and

C. On or about the 11th day of February, A.D., 1981, in the County of Killeen and Bell County, State of Texas, the said Clarence McFarlin, did then and there knowingly and intentionally cause physical contact with another, to-wit: Michael L. Oates, when he, the said Defendant knew and should have reasonably believed that the said Michael L. Oates, would regard said contact as offensive and provocative.

After a non-jury proceeding, the trial court concluded that two of the allegations in the motion to revoke were true, and it ordered appellant's probation revoked and reassessed punishment as stated above.

In three of his grounds of error the appellant contends that the motion to revoke was fundamentally defective because it failed to give him notice of the probationary conditions he allegedly violated. Specifically, he complains that the motion does not name a place where the violations allegedly occurred because the allegations state that his conduct occurred in the "County of Killeen and Bell County".

We judicially notice that there is no Killeen County in the State of Texas and that Killeen is a city in Bell County. *See Diamond v. State,* 172 Tex.Cr.R. 192, 355 S.W.2d 522 (1962). The error on the face of the motion was obviously one of a clerical nature, and the appellant could not have been misled as to where the alleged conduct had occurred. He did not seek clarification by filing a motion to quash the motion.

■ Allegations in motions to revoke probation need not be as precise as those in an indictment, and are sufficient if they give fair notice of the condition of probation allegedly violated. *Diaz v. State,* 516 S.W.2d 154 (Tex.Cr.App.1974). Furthermore, in the absence of a motion to quash, the sufficiency of the motion cannot be raised for the first time on appeal. *Vance v. State,* 485 S.W.2d 580 (Tex.Cr.App.1972).

■ Grounds of error numbers 1, 2, and 4 are overruled.

In his third ground of error the appellant contends there is insufficient evidence to sustain the court's finding that he violated the condition of probation requiring that he commit no offense against the law.

The record reflects that on the evening in question, the appellant had been assigned extra duty because of some unrelated military infraction. During the course of performing this extra duty, he left his post three times in violation of the orders of a Captain Kirkland. At about 9:00 p.m., Captain Kirkland was notified that the appellant was again missing from the work area. The captain and a Lieutenant Oates went looking for appellant and observed him walking toward the main gate. The captain ordered appellant to return to work, but he refused. After the order was given several more times and the appellant continued to disobey, Captain Kirkland placed him under "apprehension." The captain and lieutenant then escorted the appellant to the main gate where they ordered him to remain while the military police were called. Shortly thereafter, the appellant tried to escape through an opening in the gate, and in this attempt a scuffle developed between the appellant, the gate sentry, and Captain Kirkland. Captain Kirkland testified that he was struck by the appellant and that the appellant then broke away and ran toward the troop billeting area. Captain Kirkland and Lieutenant Oates gave chase. After some distance, the appellant stopped, turned around, and took a "boxer-type" stance against Lieutenant Oates. Another scuffle then occurred, and Lieutenant Oates testified that he was struck by appellant before appellant was again subdued and placed under apprehension.

The appellant testified that when he was placed on extra duty, he was tired and sick with a cold. He admitted he left his post on a couple of occasions, but claimed that he did so to talk to his superiors. He also admitted that he tried to leave the base through the gate, but he denied striking anyone.

■ Revocation of probation may be based on a finding by the trial court that a term of probation has been violated, and the trial judge is the sole trier of facts, of the credibility of the witnesses, and of the weight to be given their testimony. *Diaz v. State, supra.* The standard of proof is a preponderance of the evidence, not beyond a reasonable doubt. The only question on appeal is whether the trial court abused its discretion in revoking the probation. *Bennett v. State,* 476 S.W.2d 281 (Tex.Cr.App. 1972).

■ There is evidence in the record that the appellant struck Captain Kirkland and made offensive contact with Lieutenant Oates. The record contains evidence sufficient to support the trial court's findings, and no abuse of discretion has been shown.

The third ground of error is overruled.

The judgment of the trial court is affirmed.