**William Everett SATTERWHITE,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–97–00955–CR.**

Court of Appeals of Texas,
Houston(1st Dist.).

Dec. 28, 2000.

Michael B. Charlton, Houston, TX, for Appellant.

John B. Holmes, William Delmore, III, Houston, TX, for State.

Panel consists of Chief Justice SCHNEIDER, and Justices ANDELL and DUGGAN.[1]

## OPINION ON REHEARING

LEE DUGGAN, Jr., Justice (Retired).

Our earlier opinion is withdrawn and the following is substituted in its place. Both appellant, William Everett Satterwhite, and appellee, the State of Texas, have filed motions for rehearing. As requested in appellant's motion for rehearing, we sustain appellant's point of error two and set aside the trial court's cumulation order. In all other respects, appellant's motion for rehearing is denied. The State's motion for rehearing is granted and, as requested

---

by the State, appellant's point of error three is again overruled, but for a different reason. The judgment is modified to set aside the trial court's cumulation order. As modified, we affirm.

Appellant, William Everett Satterwhite, appeals the revocation of his community supervision and 10–year sentence for the offense of falsely holding oneself out as a lawyer. TEX.PENAL CODE ANN. § 38.122 (Vernon 1994). He asserts three points of error on appeal.

In 1995, appellant pled guilty to the offense of falsely holding himself out as a lawyer. Pursuant to a plea bargain, his punishment was assessed at 10 years community supervision. In 1996, the State filed its first motion to revoke community supervision; the motion was dismissed.[2] In 1997, the State filed a second motion to revoke. Thereafter, appellant filed a motion to withdraw his guilty plea in the underlying conviction. After a hearing, the trial court denied appellant's motion to withdraw his plea, revoked appellant's community supervision, assessed punishment at 10 years confinement, and cumulated the sentence to run consecutively with a sentence from another county.

In three points of error, appellant asserts the trial court erred (1) in refusing to entertain evidence that his original plea of guilty was involuntary; (2) in cumulating his sentence with a sentence from another court; and (3) in hearing the State's 1997 motion to revoke when the trial court had no jurisdiction to do so because it had already dismissed appellant's case in 1996.

**A. Whether the trial court lacked jurisdiction to hear the second motion to revoke because it had already dismissed appellant's case**

■■■ We address appellant's third point of error first, because it involves

dismissal of the case, a jurisdictional matter. If the trial court dismissed the case against appellant in 1996, after the hearing on the first motion to revoke, there is no case pending against him and no jurisdiction remaining in the dismissing court. *See Smith v. State,* 801 S.W.2d 629, 631 (Tex.App.–Dallas 1991, no pet.) (citing *State ex rel Holmes v. Denson,* 671 S.W.2d 896, 898–99 (Tex.Crim.App.1984, orig.proceeding)). Further, jurisdictional matters may not be waived. *Id.*

On March 29, 1996, after the 1996 motion to revoke probation was filed and appellant was arrested and jailed, the trial court signed an "Agreed Setting" form, ordering the case reset until May 28, 1996. The setting order bore the notation, "per judge–∆ to serve 60 days jail therapy–MRP to be dismissed." On May 28, 1996, instead of filing a motion to dismiss the motion to revoke, the prosecutor filed a pre-printed form "Motion to Dismiss" with the longhand notation that the defendant had "served 60 days jail therapy." The trial court signed the form order printed below the form motion, which "ORDERED, ADJUDGED, and DECREED that said above entitled and numbered cause be and the same is hereby dismissed."

Appellant argues that this 1996 order had the effect of vacating the judgment and dismissing his indictment, and that the trial court thereafter lacked jurisdiction to consider the 1997 motion to revoke probation. *See Garcia v. Dial,* 596 S.W.2d 524, 528 (Tex.Crim.App.1980); *Holmes,* 671 S.W.2d at 898–99. Appellant argues that article 32.02 of the Texas Code of Criminal Procedure gives the trial court the unfettered right to dismiss a criminal action upon the State's motion "at any time," and that the record shows that the prosecutor so moved and the trial court granted the

2. Whether the trial court dismissed the 1996 motion to revoke appellant's probation, or dismissed appellant's entire case at the hearing of that 1996 motion, is the subject of appellant's third point of error. We have found in our disposition of point of error three that there was no dismissal of the entire case because the trial court had no jurisdiction to do so.

State's motion. Article 32.02 provides as follows:

> The attorney representing the State may, by permission of the court, dismiss a criminal action *at any time* upon filing a written statement with the papers in the case setting out his reasons for such dismissal, which shall be incorporated in the judgment of dismissal. No case shall be dismissed without the consent of the presiding judge.

TEX.CODE CRIM.P.ANN. art. 32.02 (Vernon 1989) (emphasis added).

The State concedes that, after the 1996 revocation hearing, it made a clerical error in filing a motion and proposed order to dismiss the *case* when all parties had agreed to dismiss *the 1996 motion to revoke probation.*

However, the State argues, the trial court lacked the authority to dismiss this case in its entirety at the time it signed the 1996 order purporting to do so. We agree. Because appellant's conviction occurred in December 1995, the time for filing a motion for new trial had long since expired by the time of the filing of the May 28, 1996 motion to dismiss. No application for writ of habeas corpus was pending. Neither had appellant "satisfactorily completed one-third of the original community supervision period or two years of community supervision, whichever is less," as required to allow the trial court to grant early termination of appellant's community supervision. *See* TEX.CODE CRIM.P.ANN. art. 42.12, Sec. 20(a) (Vernon Supp.2000).

Article 32.02, with its language permitting the prosecutor to move the trial court to "dismiss a criminal action at any time,"

must be construed in its context. Entitled "Dismissal by State's Attorney," article 32.02 is part of "Chapter Thirty–Two–Dismissing Prosecutions," a subsection of the Code's section entitled "Trial and Its Incidents." This grouping begins with Chapter 32 ("Dismissing Prosecutions"), and is followed in the chronology of trial activities by, among others, Chapter 33 ("The Mode of Trial"), Chapter 35 ("Formation of the Jury"), and Chapter 37 ("The Verdict"). *See* TEX.CODE CRIM.P.ANN. Chapters 23, 33, 35, & 37. This context shows that article 32.02 provides a mode of pre-trial dismissal of a *pending* criminal action; it does not purport to deal with a case already reduced to final judgment.

■ To construe article 32.02 to authorize dismissal of final judgment would allow at least two unacceptable consequences. First, it would effectively give trial courts plenary power they now lack to vacate or modify judgments in criminal cases after the time for ruling upon motions for new trial had expired. *Bacey v. State*, 990 S.W.2d 319, 336–37 (Tex.App.–Texarkana 1999, pet. ref'd). Second, such an authorization of dismissal would effectively and unconstitutionally allow judges and prosecutors–judicial officers–to exercise the power of commutation, a form of executive clemency vested exclusively in the executive branch of government.[3] We hold that article 32.02 does not authorize a trial court, upon a State's attorney's motion, to dismiss a case already reduced to final judgment.

Because the trial court had no authority to dismiss the case in its entirety following the 1996 setting of the first motion to revoke, we need not reform and correct

---

**3.** *See* TEX. CONST. art. IV, § 11 (investing in the governor the power to "to grant reprieves and commutations of punishment and pardons"); *Meshell v. State*, 739 S.W.2d 246, 253–55 (Tex.Crim.App.1987) (determining that the separation of powers doctrine prevented the legislature, absent authorization by an express constitutional provision, from removing or abridging a district or county attorney's exclusive prosecutorial function under TEX.

CONST. art. V, § 21); *State v. Moore*, 57 Tex. 307, 314 (1882) ("It must be presumed that the constitution, in selecting the depositaries of a given power, *unless it is otherwise expressed*, intended that the depositary should exercise an exclusive power, with which the legislature could not interfere by appointing some other officer to exercise ... the power.") (emphasis added).

the Order of May 28, 1996 to avoid dismissal.

Appellant's point of error three is overruled.

## B. Whether the trial court erred in refusing to entertain evidence that appellant's original plea of guilty was involuntary

▇ At the revocation hearing, appellant repeatedly sought to introduce testimony concerning the circumstances in which he entered his original guilty plea to show that it was involuntary. The trial court sustained the State's relevancy objection in each instance.

Appellant cites several cases for the proposition that a party may collaterally attack a revocation order on appeal if he challenges the underlying conviction based upon a matter that could be raised in a post-conviction habeas corpus proceeding. *See Alvarez v. State*, 995 S.W.2d 185, 187 (Tex.App.–San Antonio 1999, pet. ref'd) (determining that a trial court errs in denying an evidentiary hearing if a defendant timely files and presents a motion for new trial challenging the voluntariness of the guilty plea underlying a revoked probated sentence); *Smola v. State*, 736 S.W.2d 265, 266 (Tex.App.–Austin 1987, no pet.) (concluding that "any complaint concerning the original judgment of conviction that could be raised in a post-conviction habeas corpus proceeding ... may also be raised on appeal from an order revoking probation").

These cases are contrary to the holding in *Manuel v. State*, 994 S.W.2d 658 (Tex. Crim.App.1999). In *Manuel*, the court observed, "We have long held that a defendant placed on 'regular' community supervision may raise issues relating to the conviction, such as evidentiary sufficiency, *only in appeals taken when community supervision is originally imposed.*" *Id.* at 661 (emphasis added). After finding that the defendant made an untimely appeal of his conviction, the appellate court in *Manuel* held that, "Insofar as the ap-

peal [of the revocation of defendant's community supervision] relates to the original cause in which appellant received deferred adjudication community supervision, we dismiss the appeal for want of jurisdiction." *Manuel v. State*, 981 S.W.2d 65, 67 (Tex.App.–Fort Worth 1998), *aff'd*, 994 S.W.2d 658 (Tex.Crim.App.1999). The Texas Court of Criminal Appeals agreed, affirming the appellate court's judgment. 994 S.W.2d at 662.

Here, appellant neither filed a motion for new trial nor appealed his original conviction. The trial court therefore lost jurisdiction to hear his complaint regarding the voluntariness of his guilty plea 30 days after he was placed on community supervision. *See* Tex.Code Crim.P.Ann. art. 42.12, § 23(b) (Vernon Supp.2000) (the right to appeal a conviction and punishment accrues when the defendant is placed on community supervision); Tex.R.App.P. 26.2(a)(1); *Manuel*, 994 S.W.2d at 660; *Davis v. State*, 977 S.W.2d 859, 861 (Tex. App.–Dallas 1998, no pet.) (determining in a "regular"–*i.e.*, not deferred adjudication–probation case that the court lacked jurisdiction to consider a defendant's complaint about the voluntariness of her original plea in an appeal from the order revoking community supervision).

Because appellant was precluded from challenging his original conviction at the revocation hearing, the trial court did not err in refusing to consider appellant's offer of evidence to show that his plea was involuntary.

Appellant's first point of error is overruled.

## C. Whether the trial court erred in cumulating appellant's sentence with a conviction from another county

▇ Prior to the hearing on the State's amended motion to revoke probation, the State filed a written motion to cumulate, alleging that appellant "was adjudged guilty of the offense of Falsely Holding Oneself Out as A Lawyer on November 15, 1995, in Cause No. 95–10–5464, in the 25th

District Court of Jackson County, Texas." The motion moved to begin sentence in the instant case "when the sentence in Cause No. 95–10–5464 has ceased to operate."

At the conclusion of the revocation hearing, after the trial court granted the amended motion to revoke and sentenced appellant to 10 years confinement, the prosecutor stated:

> I want to remind the Court–and this is completely in the Court's discretion, but *the State would reurge the motion to stack or cumulate sentence that was filed earlier* in the Court's file at this time, is now to stack this sentence on top of the four and a half years that is (*sic* ) currently outstanding in Edna, Texas.

(Emphasis added). The trial court immediately granted the motion to cumulate.

While the prosecutor stated that he "would *reurge* the motion to cumulate," the record does not show that, after its filing, the motion was ever called to the court's attention before the prosecutor's quoted request.

■ Before a trial court can cumulate a sentence with a previous one, the previous conviction and sentence must be proved and the defendant must be identified as the person previously convicted. *See Montgomery v. State,* 876 S.W.2d 414, 415 (Tex.App.–Austin 1994, pet. ref'd) (citing *Turner v. State,* 733 S.W.2d 218 (Tex. Crim.App.1987)).

It is undisputed that the *State* presented no evidence concerning the alleged Jackson County judgment and sentence or that appellant was the person there convicted and sentenced. The issue before us is whether *appellant* provided proof sufficient to uphold this State's motion.

Appellant urges that his case presents precisely the situation described in *Turner:*

> Since no evidence of the prior conviction from another court was offered and it was improper for the trial judge to take judicial notice thereof, if he did, the

cumulation order found in the formal sentence in the instant case is invalid. Even if proper judicial notice of the prior conviction itself could have been taken, there was no evidence identifying appellant as the person so previously convicted.

733 S.W.2d at 223.

The State responds that this case more closely resembles *Resanovich v. State,* 906 S.W.2d 40 (Tex.Crim.App.1995), in which a judgment containing a cumulation order was affirmed because (1) the defendant's attorney admitted in argument at the sentencing hearing that his client was currently serving the sentence alleged in the motion to cumulate, and (2) the defense did not object to the prosecutor's unsworn statements about that sentence. *Id.* at 42–43. The defense attorney's admission at trial was held sufficient to identify his client as the person previously convicted. *Id.* at 43.

The State asserts that, as in *Resanovich,* it was relieved of any obligation to present further proof on its motion when appellant gave testimony that constituted a judicial admission of the conviction and sentence alleged in the motion to cumulate. During his direct testimony, while attempting to prove the involuntariness of his 1995 guilty plea, appellant testified:

> During this [1995] period of time [while I was jailed in Harris County] also, Your Honor, I was taken to Edna, Texas, in shackles and I had not paid my bar dues for a period of four months and I was tried in Edna for three weeks. I stayed in jail there for–well, two or three weeks, and I was sentenced to four and a half years, Your Honor, and I had paid my bar dues, you know, six months before Mr. Bell decides he wants to indict me for challenging him in his–and I am the only person in the history of this country, Your Honor, that has been prosecuted–and I'm talking about every state in this nation for 200 years–

for nonpayment of bar dues. And when–

Prosecutor: Object at this time to the relevance of this testimony.

The Court: Sustained.

The State asserts that this quoted testimony by appellant constituted an admission sufficient to establish his identity "as the person previously convicted." However, this argument is premature if the alleged prior conviction and sentence have not been proved with the requisite certainty. *See Montgomery*, 876 S.W.2d at 415 (observing that "the previous conviction and sentence must be proved and the defendant must be identified as the person previously convicted" before cumulating a sentence with a prior conviction).

■ The State's quoted motion to cumulate alleged the prior conviction with specificity: offense, date of conviction, cause number, court number, and county of conviction. However, the clear allegation of prior conviction does not dispense with the requirement that it be proved. *See id.*

■ No request was made that the trial court take judicial notice of the prior conviction, nor did the trial court indicate that it took such notice. We will not search to find judicial notice where nothing in the record indicates the trial court did so. *See, e.g., Turner*, 733 S.W.2d at 223 (criticizing the appellate court for finding that "the trial court had taken judicial notice of the [appellant's] prior conviction although there was no request for judicial notice nor did the court announce it had taken such action"). No stipulation concerning the prior alleged conviction or appellant's identity as the person convicted was made or proposed. No proof was offered concerning a date of conviction, cause number, or court number.

If appellant's testimony about his conviction "in Edna, Texas" had not been stricken when the trial court sustained the State's relevancy objection, appellant's testimony might have been sufficient to prove the *county* of his prior conviction. The trial court could have taken judicial notice that Edna, Texas is the county seat of Jackson County. *See Black v. State*, 645 S.W.2d 789, 791 (Tex.Crim.App.1983); *see also* TEX.R.CRIM. 201.

Nevertheless, there is no proof in the record of the title of the offense for which appellant was previously convicted. Appellant's reference to a conviction for "nonpayment of bar dues" did not admit a conviction for the offense of "Falsely Holding Oneself Out as a Lawyer," Section 38.122(a) of the Texas Penal Code.[4] The non-payment of bar dues may result in an attorney's loss of "good standing with the State Bar of Texas" and may cause suspension, but it is not the equivalent of the offense of falsely holding oneself out as a lawyer. Appellant did not judicially admit that he committed the offense of falsely holding himself out as a lawyer, or that he was suspended from practice, or even that he was not in good standing with the State Bar.

We find *Resanovich* to be distinguishable. *Resanovich* involved a cumulation of sentence for an offense committed while that defendant was in the penitentiary serving a five year and a 99 year sentence. *See* 906 S.W.2d at 42. Article 42.08(b) of the Texas Code of Criminal Procedure "mandate[s] that the trial court cumulate the sentence for any offense committed in prison to the sentences being served." *Resanovich*, 906 S.W.2d at 41; *see* TEX.

---

4. The offense of Falsely Holding Oneself Out as a Lawyer is defined in Section 38.122(a) as follows:

A person commits an offense if, with intent to obtain an economic benefit for himself or herself, the person holds himself or herself out as a lawyer, unless he or she is currently licensed to practice law in this state, another state, or a foreign country and is in good standing with the State Bar of Texas and the state bar or licensing of any and all other states and foreign countries where licensed.

TEX.PENAL CODE ANN. § 38.122(a) (Vernon 1994).

CODE CRIM.P.ANN. art. 42.08(b) (Vernon Supp.2000). The prosecutor sought to cumulate Resanovich's new sentence with the 99 year sentence; Resanovich's counsel agreed his client was serving both sentences, but asked that the new sentence be cumulated with the five-year sentence. *Resanovich,* 906 S.W.2d at 41–42. Our case, however, involves no mandatory cumulation requirement.

Further in contrast to our situation, the prosecutor in *Resanovich* clearly identified the earlier sentence in the requested cumulation: "[w]e do request that [the present sentence] be stacked upon the sentence that Mr. Resanovich is currently serving for murder out of the 195th Judicial District Court of Dallas County in cause number F90–0394–N, he was sentenced to on November 19, 1990." *Id.* at 41. Thus, the earlier sentence in *Resanovich* was identified by (1) offense name, (2) court of conviction, (3) county of conviction, (4) case number, and (5) date of the earlier sentence. In our case, we have, at best, judicial admission of the county of conviction, and only by judicial notice. We hold that the evidence was insufficient to prove the prior offense alleged in the State's motion to cumulate sentence. Appellant's second point of error is sustained.

The cumulation order set forth in the formal judgment and sentence in Cause No. 702,832 in the 338th District Court of Harris County, attempting to cumulate the sentence with Cause No. 95–10–5464 in the 24th District Court of Jackson County, is hereby set aside.

As modified, the judgment is affirmed.