Opinion issued April 18, 2002








 

 






In The

Court of Appeals

For The

First District of Texas






NO. 01-00-00762-CR






LARRY BRISCO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 698617






OPINION ON MOTION FOR REHEARING


 On December 13, 2002, this Court affirmed appellant Larry Brisco's
conviction. Appellant filed a timely motion for rehearing and for rehearing en banc. 
In his motion, appellant argues that this Court should have considered the merits of
his argument, contained in point of error four, that the condition of his community
supervision that prohibited unsupervised conduct with any minor under the age of 17
was unclear and ambiguous, and thus unenforceable. We agree that, on appeal from
an order revoking community supervision, appellant is entitled to challenge the
validity of a condition of his community supervision that the trial court imposed eight
months after the original conviction. See Greathouse v. State, 33 S.W.3d 455 (Tex.
App.--Houston [1st Dist.] 2000, pet. ref'd). We, therefore, withdraw our December
13, 2001 opinion and issue this opinion in its place. We deny appellant's motion for
rehearing and rehearing en banc. Our December 13, 2001 judgment affirming
appellant's conviction remains unchanged because we again overrule point of error
four.

 Appellant pleaded guilty to the felony offense of indecency with a child, and
the trial court assessed punishment at five years in prison and a $500 fine. In
accordance with the parties' agreement, the trial court probated appellant's prison
sentence and placed appellant on community supervision. One of the conditions of
appellant's community supervision was: "You are to have no unsupervised contact
with any minor under the age of seventeen (17) beginning 11-8-96 for any reason
except as specifically permitted by the Court." The State filed a motion to revoke
appellant's community supervision based on a violation of the "no unsupervised
contact" condition. On May 19, 2000, the trial court revoked appellant's community
supervision and sentenced appellant to five years in prison. In five points of error,
appellant argues the trial court erred because: (1) the trial court abused its discretion
in revoking his community supervision; (2) the condition of community service he
violated was unclear and ambiguous to the point he did not know what was expected
of him; and (3) the trial court did not permit appellant an evidentiary hearing on his
motion for new trial. We affirm. 

Abuse of Discretion


 In points of error one and two, appellant argues the evidence is legally and
factually insufficient to support the trial court's finding that he violated the "no
unsupervised contact" provision of his community service. Alternatively, in point of
error three, appellant asserts the trial court abused its discretion when it found
appellant violated the "no unsupervised contact" provision of his community service. 
 Our review of the evidence is limited to determining whether the trial court
abused its discretion in revoking appellant's community supervision. McDonald v.
State, 608 S.W.2d 192, 199 (Tex. Crim. App. 1980). If the State can prove a violation
of a condition of community supervision by a preponderance of the evidence, the
order of revocation will be supported. See Moore v. State, 605 S.W.2d 924, 926 (Tex.
Crim. App. 1980); Greathouse v. State, 33 S.W.3d 455, 458 (Tex. App.--Houston
[1st Dist.] 2000, pet. ref'd). If the State fails to meet its burden of proof, the trial
court abuses its discretion in issuing the order to revoke community supervision. 
Greathouse, 33 S.W.3d at 458; Reid v. State, 834 S.W.2d 125, 126 (Tex.
App.--Houston [1st Dist.] 2000, no pet.).

 In conducting this review, we are to view the evidence in the light most
favorable to the trial court's order. Jones v. State, 589 S.W.2d 419, 421 (Tex. Crim.
App. 1979); Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). The trial
court is the exclusive judge of the credibility of witnesses and the weight to be given
their testimony, and the trial court determines if the allegations in the motion to
revoke are sufficiently demonstrated. Galvan v. State, 846 S.W.2d 161, 162 (Tex.
App.--Houston [1st Dist.] 1993, no pet.); McFarlin v. State, 661 S.W.2d 201, 203
(Tex. App.--Houston [1st Dist.] 1983, no pet.). 

 At the revocation hearing, appellant's probation officer, Susan Brooks, testified 
she met with appellant every month. Every time she saw appellant, Ms. Brooks
discussed with appellant the conditions of his community supervision and asked him
whether he had violated any of the conditions. Ms. Brooks knew appellant had a
learning disability and attempted to communicate with him on a level he could
understand. Appellant appeared to understand everything Ms. Brooks said to him,
and she stated it was clear to appellant he was to have no unsupervised contact with
any children, regardless of their relationship to him. Ms. Brooks also testified
appellant met all other conditions of his community supervision, including attending
weekly sex offender treatment programs. Appellant also agreed to submit to periodic
polygraph examinations. (1)

 On November 11, 1999, appellant voluntarily met with John Schwartz, a
polygraph examiner. Mr. Schwartz testified that appellant seemed normal, rational,
and able to answer the questions. Mr. Schwartz was also aware appellant had a
learning disability, but stated the disability did not seem to prevent appellant from
understanding their conversation. During the postexamination discussion, Mr.
Schwartz asked appellant whether he had engaged in any unsupervised conduct with
children under the age of 17. Appellant told Mr. Schwartz that about a month earlier
(October 1999) he had been alone with his one-year-old nephew. Appellant stated
he became excited when he held the child and achieved an erection. He then
explained he had allowed the child to touch his erect penis. Mr. Schwartz asked
appellant to write a statement that described the event, and appellant did so.

 Appellant's mother, Lois Brisco, testified on his behalf. Appellant lives with
her and his older brother, Sterling. She explained her son had been disabled since he
was hit by a car when he was five years old. Mrs. Brisco denied her son had
unsupervised contact with any children in October 1999. However, she admitted her
grandson brought his son to their house during that period; she was at the store, but
she claimed her other son was present at the time. She testified someone is almost
always with appellant and that he is closely watched because she fears he cannot care
for himself and becomes depressed. Mrs. Brisco also testified appellant tries to
please everyone. Mrs. Brisco admitted appellant can read and write well and that he
went to school until twelfth grade. Mrs. Brisco insisted appellant does not fantasize
about children.

 Tyrone Davis, Mrs. Brisco's grandson, testified he took his son to Mrs.
Brisco's house in October 1999. Appellant and appellant's brother, Sterling, were
both present. Mr. Davis testified appellant saw the child, but did not pick him up or
spend any time alone with him.

 Sterling Brisco testified he lives with his mother and appellant. He also stated
Tyrone visited the house with his son in October 1999 on two occasions, but
appellant did not pick up the child. Mr. Brisco testified no one left appellant alone
in the room with the child and that he paid attention to appellant to make sure he did
not get into trouble. He also testified appellant is very cooperative and eager to
please.

 Appellant testified he recalled taking the polygraph exam, but did not know
why he did so, other than his probation officer told him to. He admitted he wrote and
signed the statement (which was admitted into evidence) about the incident with his
nephew, but claimed Mr. Schwartz "pressured him." However, appellant was unable
to explain how Mr. Schwartz had pressured him. He denied knowing anything about
the contents of the statement and said he did not tell Mr. Schwartz he touched his
nephew. He also denied telling Mr. Schwartz he had fantasies about young boys, and
claimed he does not have those fantasies. Appellant did not know why he wrote the
untrue information. In fact, he claimed he did not remember his conversations with
Mr. Schwartz. 

 Appellant testified he remembered Tyrone Davis coming to his house in
October 1999, and conceded he was left alone with the child. He also admitted he
knew the conditions of his community supervision prevented him from having
unsupervised contact with children. Even though he continued to deny he touched
the child, appellant admitted he told Mr. Schwartz about his nephew. Appellant
testified he can read and write well, and could understand the prosecutor's questions. 
However, he denied being able to answer the questions or understanding the court
proceedings. Finally, appellant testified he did not understand his written statement
would put him in trouble until he was arrested.

 Appellant's written statement, his testimony at the revocation hearing, and the
testimony of Ms. Brooks and Mr. Schwartz are sufficient to prove by a preponderance
of the evidence that appellant violated a condition of his community supervision by
having unsupervised contact with a child under the age of 17. As the sole judge of
the credibility of the witnesses, the trial court was entitled to disbelieve the witnesses
who testified they did not leave the child alone with appellant. Galvan, 846 S.W.2d
at 162; McFarlin, 661 S.W.2d at 203. 

 Appellant argues that, viewing the evidence in the light most favorable to the
trial court's ruling, there was no evidence that the trial court did not "specifically
[permit]" appellant's contact with his nephew. We disagree. There is nothing in this
record, however, that indicates appellant ever sought permission from the trial court
to have contact with his nephew or any other minor under the age of 17. Likewise,
nothing in this record indicates the trial court considered or granted such a request. 
Further, the record does not establish that appellant thought the trial court had granted
him permission to have unsupervised conduct with his nephew.

 Because the evidence shows the State proved by a preponderance of the
evidence appellant violated the "no unsupervised contact" provision, the trial court
did not abuse its discretion in revoking appellant's community supervision. We
overrule points of error one through three.

Validity of Condition of Community Supervision


 In point of error four, appellant argues the "no unsupervised contact" provision
of his community supervision was invalid because it was unclear, nonexplicit, and
ambiguous to the point he did not know what was expected of him. (2) The trial court
modified appellant's conditions of community supervision to include this provision
approximately eight months after appellant was placed on community supervision.

 A trial court has broad discretion in imposing conditions of community
supervision. Greathouse, 33 S.W.3d at 459. However, the conditions must be
reasonable and must be designed to "protect or restore the community, protect or
restore the victim, or punish, rehabilitate or reform the defendant." See Tex. Code
Crim. Proc. Ann. art. 42.12, § 11(a) (Vernon 1979 & Supp. 2002); Speth v. State,
6 S.W.3d 530, 533 (Tex. Crim. App. 1999). Furthermore, conditions of community
supervision must be "clear, explicit, and unambiguous so that the probationer
understands what is expected of him." Greathouse, 33 S.W.3d at 459; Todd v. State,
911 S.W.2d 807, 817 (Tex. App.--El Paso 1995, no pet.). The probationer must
know with certainty what he is being asked to do. Greathouse, 33 S.W.3d at 459; see
Curtis v. State, 548 S.W.2d 57, 58 (Tex. Crim. App . 1977).

 Appellant argues the words "unsupervised" and "contact" individually, and the
collective term "unsupervised contact," render the "no unsupervised contact"
condition impermissibly vague and ambiguous. Specifically, appellant argues he did
not have notice of what contact was prohibited or what was expected of him.

 We hold that the "no unsupervised contact" provision is clear and
unambiguous. Because of the nature of the underlying offense, it was obviously the
trial court's intention to prohibit appellant from having any contact whatsoever, not
just sexual contact, with a person under the age of 17 unless someone else was
present. Further, there is no evidence in this record that appellant did not know what
the condition of community supervision meant or that he thought the conduct on
which the revocation order was based was actually allowed under the conditions of
his community supervision.

 We overrule point of error four.

Hearing on Motion for New Trial


 In point of error five, appellant argues the trial court erred when it refused to
hold a hearing on his motion for new trial and, instead, allowed the motion to be
overruled by operation of law. Specifically, appellant argues that because his motion
alleged facts not in the record related to the "trial court's imposition of the accused's
community supervision," the trial court was obligated to hold a hearing to allow him
to create a record. We disagree.

 After the trial court revoked appellant's community supervision, appellant filed
a motion for new trial that dealt solely with whether appellant was competent to enter
his plea in the first place. Specifically, he asserts he "should have been allowed to
present evidence that he neither voluntarily nor knowingly entered into a plea of
guilty" and that he should have "been allowed to present evidence that he did not
understand his plea papers in spite of having signed them." None of the argument
contained in the motion for new trial related to the propriety of the revocation itself. 
 A defendant placed on community supervision may raise issues relating to the
conviction only in appeals taken when community supervision is originally imposed. 
Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999); Satterwhite, 36
S.W.3d 145,149 (Tex. App.--Houston [1st Dist.] 2000, no pet.). To the degree an
appeal of the revocation of defendant's community supervision relates to the original
cause in which the defendant received community supervision, the court of appeals
has no jurisdiction to consider the defendant's complaints. Manuel, 994 S.W.2d at
662; Satterwhite, 36 S.W.3d at 149.

 Here, appellant neither filed a motion for new trial nor appealed his original
conviction. The trial court therefore lost jurisdiction to hear his complaint regarding
the voluntariness of his guilty plea 30 days after he was placed on community
supervision. See Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon Supp.
2002) (right to appeal conviction and punishment accrues when defendant is placed
on community supervision); Tex. R. App. P. 26.2(a)(1); Manuel, 994 S.W.2d at 660; 
Satterwhite, 36 S.W.3d at 149.

 Because appellant was precluded from challenging his original conviction at
the revocation stage, the trial court did not err in refusing to consider appellant's
motion for new trial based on his argument that he was incompetent to enter his plea.

We overrule point of error five.

Conclusion

 We affirm the trial court's judgment.

 


 Frank C. Price (3)

 Justice


Panel consists of Justices Mirabal, Nuchia, and Price.


Do not publish. Tex. R. App. P. 47.4.


 
1. Ms. Brooks testified the probation department uses polygraph
examinations as a tool to monitor sex offenders.
2. Appellant does not argue he was unaware of this specific prohibition or
that he did not receive adequate admonishments regarding the terms of his community
supervision generally.
3. The Honorable Frank C. Price, former Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.