

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 2-08-275-CR

RAY ACUNA                                                                      APPELLANT

V.

THE STATE OF TEXAS                                                             STATE

------------

FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I.  Introduction

In one issue, Appellant Ray Acuna argues that the trial court erred by admitting, for enhancement purposes, evidence of a prior conviction because the judgment on the prior conviction had been dismissed.  We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

In March 2007, the State indicted Acuna for aggravated sexual assault of a child younger than fourteen years of age. The indictment included an enhancement paragraph that referenced a prior conviction of Acuna's for sexual assault. In July 2008, a jury found Acuna guilty of the offense of aggravated sexual assault as charged in the indictment.[2]

During the punishment phase, the trial court conducted a hearing outside the presence of the jury to determine whether Acuna's prior conviction triggered the automatic life enhancement provision.[3] During the hearing, Acuna introduced into evidence the trial court's file from the prior conviction that included a "Motion to Dismiss" that had been granted by the trial court. Acuna argued that, because the probated sentence had been dismissed, the sentence was not a "conviction" as required by the penal code. At the conclusion of the

---

[2] At trial, the thirteen-year-old complainant testified that she went to Acuna's residence to visit with his daughter. While Acuna's daughter was taking a shower, Acuna had sexual intercourse with the complainant. As a result of the sexual assault, the complainant became pregnant and gave birth to a child. The DNA evidence established that the probability of Acuna's paternity was 99.99%.

[3] Section 12.42 of the penal code provides, in part, that a defendant shall be punished by imprisonment for life if the defendant is convicted of an offense under section 22.021 (aggravated sexual assault) and the defendant has been previously convicted of an offense under section 22.011 (sexual assault). Tex. Penal Code Ann. § 12.42(c)(2)(A)(i), (c)(2)(B)(ii) (Vernon Supp. 2008).

hearing, the trial court overruled Acuna's objections to the admissibility of the prior conviction and included the automatic life enhancement provision in the charge on punishment.

During the punishment hearing, Acuna pleaded "not true" to the enhancement allegation. The jury, however, found the allegation to be "true" and assessed punishment at life in prison. The trial court sentenced Acuna accordingly. This appeal followed.

## III. Discussion

In his sole issue, Acuna asserts that the trial court erred by allowing the jury to consider evidence of his prior conviction for sexual assault when the judgment in that prior case had been dismissed. The State, however, argues that the trial court did not err by allowing the jury to consider Acuna's prior conviction for enhancement purposes because the trial court in the prior case lacked the authority to dismiss the judgment in its entirety. We agree with the State.

In November 1985, Acuna pleaded guilty to the offense of sexual assault, and the trial court sentenced him to five years' community supervision. In July 1986, the State filed a motion to revoke Acuna's community supervision. In May 1987, instead of filing a motion to dismiss the motion to revoke, the State filed, and the trial court granted, a motion to dismiss. In a motion to clarify and

3

for order nunc pro tunc, the State requested that the trial court clarify that the 1987 motion to dismiss referred to the motion to revoke filed in July 1986 and not to the judgment in its entirety. The trial court, however, did not rule on this matter.

Acuna concedes that this is not a case of a conviction being set aside pursuant to Texas Code of Criminal Procedure article 42.12, section 20, in which a final judgment of conviction may be set aside upon satisfactory completion of community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 20(a) (Vernon Supp. 2008). Rather, his sole argument rests on his assertion that there is "no provision in Texas law for what was done by the [trial] court" but that "it was done" and therefore Acuna's prior conviction should not have been considered by the jury. The State, however, directs our attention to *Satterwhite v. State*, in which our sister court in Houston rejected an argument similar to Acuna's. 36 S.W.3d 145 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd).

In *Satterwhite*, the appellant pleaded guilty in 1995 to falsely holding himself out as a lawyer, and the trial court sentenced him to ten years' community supervision. *Id.* at 147. In 1996, the State filed its first motion to revoke community supervision. *Id.* While the appellant was in jail, the trial court signed an "Agreed Setting," which ordered that the hearing be reset and

4

that the motion to revoke be dismissed if the appellant served sixty days jail therapy. *Id.* On the date of the hearing, instead of filing a motion to dismiss the motion to revoke, the State filed a pre-printed motion to dismiss with a handwritten notation that the appellant had served sixty days jail therapy. *Id*. The trial court signed the form order, which "ORDERED, ADJUDGED, and DECREED th[e] . . . cause be . . . dismissed." *Id.* Subsequently, the State filed a second motion to revoke. *Id.* The trial court granted the State's motion and sentenced appellant to ten years' confinement. *Id.*

On appeal, the appellant in *Satterwhite* cited to article 32.02 of the code of criminal procedure and argued that the trial court can dismiss a criminal action upon the State's motion "at any time" and, therefore, that the dismissal order vacated the judgment which resulted in the trial court's lack of authority to consider the State's second motion to revoke. *Id.* at 147–48; *see* Tex. Code Crim. Proc. Ann. art. 32.02 (Vernon 2006) (declaring that "the State may, by permission of the court, dismiss a criminal action at any time upon filing a written statement . . . setting out his reasons for such dismissal . . . .").

The *Satterwhite* court, however, held that article 32.02 does not authorize a trial court, upon a State attorney's motion, to dismiss a case already reduced to final judgment. 36 S.W.3d at 148. It reasoned that the context in which article 32.02 appears in the code of criminal procedure demonstrates

that it is a mode for dismissing pending criminal actions, not cases reduced to final judgments. *Id*. Further, the *Satterwhite* court analyzed the consequences of allowing trial courts to dismiss judgments after they became final and concluded that by doing so it would expand trial courts' plenary power and would give judges and prosecutors the power of commutation, which is vested exclusively in the executive branch. *Id.* (citing Tex. Const. art. IV § 11).

We agree with the State that the *Satterwhite* court's legal analysis and conclusions apply to this appeal. Furthermore, this is not a case in which the trial court had plenary jurisdiction at the time it granted the State's motion to dismiss — that is, Acuna's prior conviction occurred in November 1985; the time for filing a motion for new trial had long since expired by the time the State filed its motion to dismiss in May 1987. *See* Tex. R. App. P. 21.4, 22.3; *State v. Aguilera*, 165 S.W.3d 695, 697–98 (Tex. Crim. App. 2005).

Therefore, because the trial court in Acuna's prior case lacked the authority to dismiss the case in its entirety, the dismissal order is void, and the trial court in the present case did not err by admitting into evidence Acuna's

6

prior conviction for enhancement purposes.[4]  Accordingly, we overrule Acuna's

sole issue.

## IV.  Conclusion

Having overruled Acuna's sole issue, we affirm the trial court's judgment.

PER CURIAM

PANEL:  MCCOY, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 13, 2009

---

[4]  Furthermore, even if we were to assume the trial court erred by admitting Acuna's prior conviction into evidence, considering the punishment ultimately assessed (life sentence) in light of the full range of punishment that could have been assessed on the aggravated sexual assault conviction alone (five to ninety-nine years or life), we cannot say that the admission of the prior conviction for sexual assault affected Acuna's substantial rights.  *See* Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2008) (stating that aggravated sexual assault is a first degree felony offense); *see also* § 12.32(a) (Vernon 2003) (providing range of confinement for first degree felony is life or any term of not more than ninety-nine years or less than five years).  Accordingly, any error in the admission of Acuna's prior conviction would have been harmless.

7