COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-275-CR

 

 

RAY ACUNA                                                                       APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  Introduction

In one issue, Appellant Ray Acuna argues that the
trial court erred by admitting, for enhancement purposes, evidence of a prior
conviction because the judgment on the prior conviction had been
dismissed.  We affirm.

 








                          II.  Factual and Procedural Background

In March 2007, the State indicted Acuna for
aggravated sexual assault of a child younger than fourteen years of age.  The indictment included an enhancement
paragraph that referenced a prior conviction of Acuna=s for
sexual assault.  In July 2008, a jury
found Acuna guilty of the offense of aggravated sexual assault as charged in
the indictment.[2]








During the punishment phase, the trial court
conducted a hearing outside the presence of the jury to determine whether Acuna=s prior
conviction triggered the automatic life enhancement provision.[3]  During the hearing, Acuna introduced into
evidence the trial court=s file from the prior conviction
that included a AMotion to Dismiss@ that
had been granted by the trial court. 
Acuna argued that, because the probated sentence had been dismissed, the
sentence was not a Aconviction@ as
required by the penal code.  At the
conclusion of the hearing, the trial court overruled Acuna=s
objections to the admissibility of the prior conviction and included the
automatic life enhancement provision in the charge on punishment.

During the punishment hearing, Acuna pleaded Anot true@ to the
enhancement allegation.  The jury,
however, found the allegation to be Atrue@ and
assessed punishment at life in prison. 
The trial court sentenced Acuna accordingly.  This appeal followed.

                                          III.  Discussion

In his sole issue, Acuna asserts that the trial
court erred by allowing the jury to consider evidence of his prior conviction
for sexual assault when the judgment in that prior case had been
dismissed.  The State, however, argues
that the trial court did not err by allowing the jury to consider Acuna=s prior
conviction for enhancement purposes because the trial court in the prior case
lacked the authority to dismiss the judgment in its entirety.  We agree with the State.








In November 1985, Acuna pleaded guilty to the
offense of sexual assault, and the trial court sentenced him to five years=
community supervision.  In July 1986, the
State filed a motion to revoke Acuna=s
community supervision.  In May 1987,
instead of filing a motion to dismiss the motion to revoke, the State filed,
and the trial court granted, a motion to dismiss.  In a motion to clarify and for order nunc pro
tunc, the State requested that the trial court clarify that the 1987 motion to
dismiss referred to the motion to revoke filed in July 1986 and not to the
judgment in its entirety.  The trial
court, however, did not rule on this matter.

Acuna concedes that this is not a case of a
conviction being set aside pursuant to Texas Code of Criminal Procedure article
42.12, section 20, in which a final judgment of conviction may be set aside
upon satisfactory completion of community supervision.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 20(a)
(Vernon Supp. 2008).  Rather, his sole
argument rests on his assertion that there is Ano
provision in Texas law for what was done by the [trial] court@ but
that Ait was
done@ and
therefore Acuna=s prior conviction should not
have been considered by the jury.  The
State, however, directs our attention to Satterwhite v. State, in which
our sister court in Houston rejected an argument similar to Acuna=s.  36 S.W.3d 145 (Tex. App.CHouston
[1st Dist.] 2000, pet. ref=d).








In Satterwhite, the appellant pleaded
guilty in 1995 to falsely holding himself out as a lawyer, and the trial court
sentenced him to ten years=
community supervision.  Id. at
147.  In 1996, the State filed its first
motion to revoke community supervision.  Id.  While the appellant was in jail, the trial
court signed an AAgreed Setting,@ which
ordered that the hearing be reset and that the motion to revoke be dismissed if
the appellant served sixty days jail therapy. 
Id.  On the date of the
hearing, instead of filing a motion to dismiss the motion to revoke, the State
filed a pre-printed motion to dismiss with a handwritten notation that the
appellant had served sixty days jail therapy. 
Id.  The trial court signed
the form order, which AORDERED, ADJUDGED, and DECREED
th[e] . . . cause be . . . dismissed.@  Id.  Subsequently, the State filed a second motion
to revoke.  Id.  The trial court granted the State=s motion
and sentenced appellant to ten years=
confinement.  Id.

On appeal, the appellant in Satterwhite
cited to article 32.02 of the code of criminal procedure and argued that the
trial court can dismiss a criminal action upon the State=s motion
Aat any
time@ and,
therefore, that the dismissal order vacated the judgment which resulted in the
trial court=s lack of authority to consider
the State=s second motion to revoke.  Id. at 147B48; see
Tex. Code Crim. Proc. Ann. art. 32.02 (Vernon 2006) (declaring that Athe
State may, by permission of the court, dismiss a criminal action at any time
upon filing a written statement . . . setting out his reasons for such
dismissal . . . .@).








The Satterwhite court, however, held that
article 32.02 does not authorize a trial court, upon a State attorney=s
motion, to dismiss a case already reduced to final judgment.  36 S.W.3d at 148.  It reasoned that the context in which article
32.02 appears in the code of criminal procedure demonstrates that it is a mode
for dismissing pending criminal actions, not cases reduced to final
judgments.  Id.  Further, the Satterwhite court
analyzed the consequences of allowing trial courts to dismiss judgments after
they became final and concluded that by doing so it would expand trial courts= plenary
power and would give judges and prosecutors the power of commutation, which is
vested exclusively in the executive branch. 
Id. (citing Tex. Const. art. IV ' 11).

We agree with the State that the Satterwhite
court=s legal
analysis and conclusions apply to this appeal. 
Furthermore, this is not a case in which the trial court had plenary
jurisdiction at the time it granted the State=s motion
to dismissCthat is, Acuna=s prior
conviction occurred in November 1985; the time for filing a motion for new
trial had long since expired by the time the State filed its motion to dismiss
in May 1987.  See Tex. R. App. P.
21.4, 22.3; State v. Aguilera, 165 S.W.3d 695, 697B98 (Tex.
Crim. App. 2005).








Therefore, because the trial court in Acuna=s prior
case lacked the authority to dismiss the case in its entirety, the dismissal
order is void, and the trial court in the present case did not err by admitting
into evidence Acuna=s prior conviction for
enhancement purposes.[4]  Accordingly, we overrule Acuna=s sole
issue.

                                          IV.  Conclusion

Having overruled Acuna=s sole
issue, we affirm the trial court=s
judgment.

 

 

PER
CURIAM

 

PANEL:  MCCOY, GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 13, 2009











[1]See Tex. R. App. P. 47.4.





[2]At trial, the
thirteen-year-old complainant testified that she went to Acuna=s residence to visit with
his daughter.  While Acuna=s daughter was taking a
shower, Acuna had sexual intercourse with the complainant.  As a result of the sexual assault, the
complainant became pregnant and gave birth to a child.  The DNA evidence established that the
probability of Acuna=s paternity was 99.99%.





[3]Section 12.42 of the
penal code provides, in part, that a defendant shall be punished by
imprisonment for life if the defendant is convicted of an offense under section
22.021 (aggravated sexual assault) and the defendant has been previously
convicted of an offense under section 22.011 (sexual assault).  Tex. Penal Code Ann. ' 12.42(c)(2)(A)(i),
(c)(2)(B)(ii) (Vernon Supp. 2008).





[4]Furthermore, even if we
were to assume the trial court erred by admitting Acuna=s prior conviction into
evidence, considering the punishment ultimately assessed (life sentence) in
light of the full range of punishment that could have been assessed on the
aggravated sexual assault conviction alone (five to ninety-nine years or life),
we cannot say that the admission of the prior conviction for sexual assault
affected Acuna=s substantial
rights.  See Tex. Penal Code Ann. ' 22.021 (Vernon Supp.
2008) (stating that aggravated sexual assault is a first degree felony
offense); see also ' 12.32(a) (Vernon 2003) (providing range of
confinement for first degree felony is life or any term of not more than
ninety-nine years or less than five years). 
Accordingly, any error in the admission of Acuna=s prior conviction would
have been harmless.