Opinion issued October 21, 2010                                                    



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 
01-08-00796-CR

———————————

Lamar a. Williams, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 174th District Court  

Harris County, Texas



Trial Court Case No. 964392

 



 

          MEMORANDUM OPINION

Appellant, Lamar Williams, was
indicted for sexual assault of a child. 
Appellant pled guilty to a reduced charge of indecency with a child by
exposure.  The trial court deferred
adjudication and placed appellant on community supervision for five years.  Subsequently, appellant violated certain
conditions of his community supervision. 
Appellant pleaded true to the violation of his community
supervision.  The trial court adjudicated
guilt and sentenced appellant to four years’ confinement at the Texas Department
of Criminal Justice, Institutional Division. 
Appellant filed an appeal claiming errors relative to his underlying
guilt.  In two issues, he contends his
plea was involuntary because (1) his federal and state constitutional rights
against self-incrimination were violated and (2) the trial court should have
considered appellant’s defense based on his claim of marriage to the
complainant.  We dismiss the appeal for
lack of jurisdiction.

Analysis

A defendant
placed on deferred adjudication community supervision must challenge the
deferred adjudication when originally imposed, not after the trial court
revokes community supervision.  See Tex. Code
Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon Supp. 2010); Manuel v. State, 994 S.W.2d 658, 661–62
(Tex. Crim. App. 1999); Satterwhite v. State, 36 S.W.3d 145, 149 (Tex. App.—Houston
[1st Dist.] 2000, pet. ref’d).  To
the degree an appeal of the revocation of defendant’s community supervision
relates to the original deferred adjudication, the appellate court has no
jurisdiction to consider the defendant’s complaints.  See Manuel, 994 S.W.2d at 662; Satterwhite, 36 S.W.3d at 149; Brisco v.
State, No. 01-00-00762-CR, 2002 WL 595075, at *5 (Tex. App.—Houston [1st
Dist.] April 18, 2002, pet. ref’d) (mem. op.) (holding appellate court had no
jurisdiction over appellant’s motion for new trial challenging the
voluntariness of his plea filed after the trial court revoked his community
supervision).  

Appellant challenged his underlying
guilt only after the trial court revoked his community supervision and seven
months after the deferred adjudication was first imposed.  “[A] defendant placed on deferred
adjudication community supervision may raise issues relating to the original
plea proceeding . . . only in appeals taken when deferred adjudication
community supervision is first imposed.” 
Manuel,
994 S.W.2d at 661–62.  This Court
has no jurisdiction to consider his appeal. 
See id.

Conclusion

          We
dismiss for lack of jurisdiction.

 

 

Sam
Nuchia

Justice

 

Panel consists of Chief
Justice Radack and Justices Massengale and Nuchia.[1]

 

Do not publish.  Tex. R.
App. P. 47.2(b).

 











[1]           The Honorable Sam Nuchia, Senior
Justice, Court of Appeals for the First District 

of Texas, participating by assignment.